1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  BILLY COY COCHRAN,                                 ) | Case No.: 1:15-cv-01092-SAB (PC) |
| 12                Plaintiff,     ) | ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH |
| 13         v.                                                     ) | THE FEDERAL RULES OF CIVIL PROCEDURE, DENYING PLAINTIFF'S MOTIONS TO EXCEED |
| 14  E. AGUIRRE, et al.,                                  ) | PAGE LIMITATION, AND DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND/OR |
| 15                Defendants.    ) | APPOINTMENT OF VICTIM ADVOCATE |
| 16 _____ ) | [ECF Nos. 1, 2, 3, 4, 11, 12, 13, 14] |

17        Plaintiff Billy Coy Cochran is appearing pro se in this civil rights action pursuant to 42 U.S.C.

18  § 1983.

19        Plaintiff filed the instant complaint on July 15, 2015, along with a motion to exceed the page

20  limitation, motion for appointment of counsel, and motion for appointment of a victim advocate.

21  (ECF Nos. 2, 3, 4.)  On July 30, 2015, Plaintiff filed a second motion for appointment of counsel,

22  motion to exceed the page limitation, and motion for appointment of a victim advocate.  (ECF Nos.

23  12, 14.)  On July 31, 2015, Plaintiff filed a third motion for appointment of a victim advocate.  (ECF

24  No. 11.)

25                                        **I.**

26                          **SCREENING REQUIREMENT**

27        The Court is required to screen complaints brought by prisoners seeking relief against a

28  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

                                        1

1  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

2  "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[]

3  monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

4    A complaint must contain "a short and plain statement of the claim showing that the pleader is

5  entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not required, but

6  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

7  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

8  550 U.S. 544, 555 (2007)).   Moreover, Plaintiff must demonstrate that each defendant personally

9  participated in the deprivation of Plaintiff's rights.   Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

10  2002).

11    Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally

12  construed and to have any doubt resolved in their favor.   Wilhelm v. Rotman, 680 F.3d 1113, 1121

13  (9th Cir. 2012) (citations omitted).   To survive screening, Plaintiff's claims must be facially plausible,

14  which requires sufficient factual detail to allow the Court to reasonably infer that each named

15  defendant is liable for the misconduct alleged.   Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service,

16  572 F.3d 962, 969 (9th Cir. 2009).   The "sheer possibility that a defendant has acted unlawfully" is not

17  sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying

18  the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

19                                          **II.**

20                                    **DISCUSSION**

21    Plaintiff is in the custody of the California Department of Corrections and Rehabilitations and

22  is housed at the California Substance Abuse Treatment Facility in Corcoran.   Rule 8 provides that a

23  complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to

24  relief." Fed. R. Civ. P. 8(a)(2).   Plaintiff's complaint is neither short nor plain.   Plaintiff's complaint is

25  one hundred and fifty pages long and contains multiple unrelated incidents against two hundred

26  defendants.   Plaintiff sets forth a series of events that occurred over a period of two years alleging a

27  violation of the Equal Protection Clause; retaliation; cruel and unusual punishment; violation of free

28  speech in violation of the First Amendment; denial of adequate medical attention; due process

violation in violation of the Fourteenth Amendment; and state law negligence.  The function of the complaint is not to list every single fact relating to Plaintiff's claims.  Plaintiff's present filing imposes a significant burden on the Court's limited resources, and the Court finds that any amended complaint shall be no longer than 25 pages in length.

Plaintiff also submits numerous exhibits.  Plaintiff is advised that the submission of evidence, by way of exhibits, is premature at this point in the proceedings as Plaintiff is only required to state a prima facie claim for relief via his factual allegations.  Thus, in amending his complaint, Plaintiff need only state concisely the facts upon which he alleges a defendant has violated his constitutional rights. If Plaintiff feels compelled to submit exhibits with an amended complaint, he is advised that such exhibits must be attached to the amended pleading and must be incorporated by reference. Fed. R. Civ. P. 10(c).  With regard to exhibits that are properly attached and incorporated, Plaintiff is cautioned that it is the Court's duty to evaluate the factual allegations within a complaint, not to wade through exhibits, to determine whether cognizable claims have been stated.

In addition, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980).  Plaintiff's one hundred and fifty page complaint sets forth a multiple of claim (some related and some unrelated) against a multitude of Defendants.  It is so mired in extraneous facts, various issues related and unrelated, and legal arguments that it fails to comply with Rule 8(a).  Some of Plaintiff's claim may be cognizable under 1983, but it is not the function of the court to attempt to find them in a complaint that is in violation of Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff shall be granted the opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure.  In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action.  If Plaintiff does not do so and his amended complaint sets forth

unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.  The Court shall provide Plaintiff with the legal standards that would appear to apply to, at least, some of the claims raised in the complaint.

**A.**     **Linkage Under Section 1983**

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue.  Ashcroft v. Iqbal, 556 U.S. 662, 676-677 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed under a theory of *respondeat superior*, and some causal connection between the conduct of each named defendant and the violation at issue must exist.  Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

**B.**     **Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class.  Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

**C.**     **Retaliation**

"[P]risoners retain the protections of the First Amendment" but their "right to freely exercise [their] religion is limited by institutional objectives and by the loss of freedom concomitant with incarceration."  Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1997)).  The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, but an impingement on an inmate's constitutional rights will be upheld "'if it is reasonably related to

4

1    legitimate penological interests.'" Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (quoting

2    Turner v. Safley, 482 U.S. 78, 89 (1987)).

3            **D.**       **Cruel and Unusual Punishment**

4           The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners

5    not only from inhumane methods of punishment but also from inhumane conditions of confinement.

6    Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825,

7    847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).  While

8    conditions of confinement may be, and often are, restrictive and harsh, they must not involve the

9    wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347)

10   (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or

11   contrary to evolving standards of decency that mark the progress of a maturing society violate the

12   Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v.

13   Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

14          Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,

15   clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.

16   2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in

17   prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

18   Prison officials also have a duty under the Eighth Amendment to protect prisoners from violence at the

19   hands of other prisoners because being violently assaulted in prison is simply not part of the penalty

20   that criminal offenders pay for their offenses against society.  Farmer, 511 U.S. at 833-34 (quotation

21   marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d

22   1036, 1040 (9th Cir. 2005). To maintain an Eighth Amendment claim, a prisoner must show that

23   prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.

24   Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v.

25   Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731;

26   Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

27   ///

28   ///

5

### E.  Free Exercise of Religion

"[P]risoners retain the protections of the First Amendment" but their "right to freely exercise [their] religion is limited by institutional objectives and by the loss of freedom concomitant with incarceration." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1997)).  The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, but an impingement on an inmate's constitutional rights will be upheld "'if it is reasonably related to legitimate penological interests.'" Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

### F.  Medical Care

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

### G.  Due Process

The Due Process Clause protects prisoners against the deprivation of liberty without the procedural protections to which they are entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at

221. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

**H. Negligence**

"Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008) (internal quotations omitted)).

**I. Amended Complaint**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. This requires Plaintiff to link each named defendant to some act or failure to act that caused the alleged deprivation.

Finally, Plaintiff is advised of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint. Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P.

8(a)(2).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).

In his amended complaint, Plaintiff shall state as briefly as possible the facts of his case, describing how each defendant is involved.  For each claim, Plaintiff shall clearly and succinctly set forth the facts to state the acts or failure to act by each Defendant that led to a knowing violation of Plaintiff's federal rights.

Finally, as Plaintiff's amended complaint must comply with Rule 18(a) and 20, the Court finds that twenty-five pages is sufficient for Plaintiff to raise his claims in this action.  Accordingly, if Plaintiff chooses to amend the complaint, the amended complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

**J.      Motions for Appointment of Counsel**

On July 15, 2015, and July 30, 2015, respectively, Plaintiff filed motions for the appointment of counsel.  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  Because the Court has dismissed Plaintiff's complaint for failure to comply with the Federal Rules of Civil Procedure, it cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.

For the foregoing reasons, Plaintiff's motions for the appointment of counsel will be denied, without prejudice.

### K.        Motion for Appointment of Victim Advocate

Plaintiff seeks the appointment of a victim advocate pursuant to Title 28 of the Code of Federal Regulations section 115.21.

Plaintiff is advised that there is no authority for the Court to appointment a victim advocate for Plaintiff based on his claims that he has been sexually assaulted, and his request must be denied.

### III.

### CONCLUSION AND ORDER

Plaintiff's complaint does not comply with the Federal Rules of Civil Procedure.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

///

///

9

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed July 15, 2015, is dismissed for failure to comply with the Federal Rules of Civil Procedure;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff's amended complaint shall not exceed twenty-five pages in length and Plaintiff's motions to exceed such page limitation are denied;

5. Plaintiff's motions for appointment of counsel and/or appointment of a victim advocate are denied; and

6. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 13, 2015**

UNITED STATES MAGISTRATE JUDGE