UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY COY COCHRAN,<br><br>                    Plaintiff,<br><br>          v.<br><br>E. AGUIRRE, et al.,<br><br>                    Defendants. | Case No.: 1:15-cv-01092-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR THE APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>[ECF No. 19] |

Plaintiff Billy Coy Cochran is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 7, 2015, Plaintiff filed a third motion for the appointment of counsel. As Plaintiff was previously advised, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff claims his mental health status, which includes post-traumatic stress disorder and major depression warrants the appointment of counsel. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. On November 25, 2015, the Court dismissed Plaintiff's first amended complaint, with leave to amend, for failure to state a cognizable claim for relief. (ECF No. 17.) Thus, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's third motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 8, 2015**

UNITED STATES MAGISTRATE JUDGE