**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| BILLY COY COCHRAN, | ) | Case No.: 1:15-cv-01092-AWI-SAB (PC) |
| Plaintiff, | ) ) | |
| v. | ) ) ) | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF |
| E. AGUIRRE, | ) ) | [ECF Nos. 34 & 36] |
| Defendant. | ) ) | |
| _____ | ) | |

Plaintiff Billy Coy Cochran is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

Currently before the Court are Plaintiff's motion for injunctive relief to protect his person and property, filed April 25, 2016, and Plaintiff's motion for a preliminary injunction, filed May 9, 2016. (ECF Nos. 34 & 36.) This action is proceeding against Defendant Aguirre for failure to protect, due process violation relating to deprivation of his personal property, equal protection violation, and state law negligence.

///

///

///

///

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**I.**

**DISCUSSION**

**A.      Motion for Preliminary Injunction filed April 25, 2016**

Plaintiff seeks an order directing the United States Marshal service to retain him in their custody until the conclusion of this action or until his parole on October 3, 2020.  Plaintiff submits that on April 15, 2016, another inmate called him "faggot rat," punched him in the head until he fell down then kicked him in the chest and head until he was unconscious.  Plaintiff was taken to medical where his injuries were documented and he received four stitches on his lower lip.  Plaintiff returned to the housing unit and inmate "Nutty" said "we're gonna have fun with you tonight."  Plaintiff advised prison officials and he was moved to the F yard where officer Aguirre works full time.

On April 16, 2016, at breakfast, Plaintiff saw several inmates who were on F yard with him in general population in 2014.  In February 2016, officials simply allowed inmates to choose to become placed in the sensitive needs yard (SNY) proving officials denied him SNY in deliberate indifference to his safety.  One inmate told Plaintiff "that Aguirre is not happy with me and I better watch out."

On April 16, 2016, Plaintiff was taken to Mercy Hospital in Bakersfield.  The x-ray of his ribs showed nothing was broken and there was no injury to his head.  Plaintiff was kept for observation until April 17, 2016, and was returned to F yard.  The reference to "faggot rat" refers to Plaintiff being transgender.

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 20 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Id. at 22 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian

2

Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.  "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

 In the instant motion, Plaintiff seeks protection from other inmates based on alleged retaliation.  Injunctive relief may not be based on retaliation, which appears nowhere in the complaint.  A "request for injunctive relief by itself does not state a cause of action and is properly raised as a separate motion."  Mbaba v. Indymac Federal Bank F.S.B., 2010 WL 424363, at *4 (E.D. Cal. 2010).  "An injunction is a remedy, not a separate claim or cause of action.  A pleading can … request injunctive relief in connection with a substantive claim, but a separately pled claim or cause of action for injunctive relief is inappropriate.  Jensen v. Quality Loan Service Corp., 702 F.Supp.2d 1183, 1201 (E.D. Cal. 2010).  Because Plaintiff is not proceeding on a claim of interference with his legal mail, the Court lacks jurisdiction to issue the order sought by Plaintiff, and his motion must be denied.

Plaintiff has only described past incidents of harassment and has failed to identify what specific relief an "order of protection" would entail.  The purpose of a preliminary injunction is to preserve the status quo and prevent future irreparable harm.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  Accordingly, Plaintiff's motion for a preliminary injunction, filed April 25, 2016, should be denied.

## B.      Motion for Preliminary Injunction filed May 9, 2016

In the May 9, 2016, motion, Plaintiff seeks an injunction for the least restrictive housing and access to the court and return of his property.   Plaintiff contends from February 1, 2015 to the present, prison officials threatened to put him in segregation in retaliation for his litigation, and denied his repeated requests for a transfer to another prison.  On May 1, 2016, Plaintiff had ready to copy and file

3

a motion to file a third amended complaint and injunction.  Due to being in the most restrictive housing, Plaintiff has lost all his property (legal materials), has been denied access to the law library, and has been denied transfer to another prison.

As a threshold matter, Plaintiff must demonstrate he has standing to seek preliminary injunctive relief.  Summers v. Earth Island Institute, 555 U.S. at 493; Mayfield v. United States, 599 F.3d at 969.  "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence."  Steel Co. v. Citizens for a Better Env't, 523 U.S. at 103-04; accord Lujan v. Defenders of Wildlife, 504 U.S. at 560-61.  This requires Plaintiff to "show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury."  Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.

Plaintiff's claim that officers at California Substance Abuse Treatment Facility are denying him access to his property, access to the law library and transfer to a different prison cannot provide the basis for a preliminary injunction in this action because it is a new assertion of mistreatment entirely different from the retaliation claim in this action against Defendant Aguirre.

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation."  Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

A prisoner cannot submit conclusory declarations of injury by claiming his access to the courts has been impeded.  Thus, it is not enough for an inmate to show some sort of denial of access without further elaboration.  Plaintiff must demonstrate "actual injury" from the denial and/or delay of access.

///

4

The Supreme Court has described the "actual injury" requirement:

> [T]he inmate … must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.  He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 351.

In this instance, Plaintiff has failed to allege or demonstrate "actual injury" by the failure of access to the law library and legal material.  The Court notes that on April 25, 2016, the Court received and filed a motion for an extension of time to file a third amended complaint, along with the motion for preliminary injunction addressed above.  (ECF Nos. 33 & 34.)  The Court denied Plaintiff's motion for an extension of time to file a third amended complaint, without prejudice, on April 28, 2016.  (ECF No. 35.)  At this juncture, there is no showing that Plaintiff has been prejudiced by any alleged denial of access to the legal material and/or the law library.  Thus, Plaintiff has failed to demonstrate that in the absence of preliminary injunctive relief he is likely to suffer actual injury in prosecuting his case.  "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."  Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldies Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  Moreover, Plaintiff's motion includes allegations against individuals who are not named defendants in this action, and the Court is unable to issue an order against individuals who are not parties to an action pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Plaintiff has provided no basis for this court to interfere with the prison's administration of its law library and access to legal material, and his request for injunctive relief should be denied.   In addition, Plaintiff has no substantive liberty interest in being housed in a particular prison.  Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976).  The pendency of this case does not provide Plaintiff with standing to seek relief directed at remedying his current conditions of confinement, which involve different circumstances and different prison employees.  Summers, 555 U.S. at 493 (citation omitted); Lujan, 504 U.S. at 560-61; Mayfield, 599 F.3d at 969.

Plaintiff's inability to meet the "irreducible constitutional minimum of standing" with respect to the relief he seeks is fatal to his motion. Steel Co., 523 U.S. at 103-04 (quoting Lujan, 504 U.S. at 560-61).  Accordingly, Plaintiff's motion for a preliminary injunction filed on May 9, 2016, should be denied.

## II.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motions for a preliminary injunction, filed April 25, 2016, and May 9, 2016, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 10, 2016**

_____
UNITED STATES MAGISTRATE JUDGE