UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY COY COCHRAN,<br><br>    Plaintiff,<br><br>    v.<br><br>E. AGUIRRE,<br><br>    Defendant. | Case No.: 1:15-cv-01092-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF SECOND AMENDED COMPLAINT<br><br>[ECF No. 41] |

    Plaintiff Billy Coy Cochran is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

    On June 24, 2016, Plaintiff filed a motion for judicial notice of the second amended complaint. (ECF No. 41.) Plaintiff moves the Court to take judicial notice of the second amended complaint and exhibits to establish facts that are generally known and/or can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. (Id.) Plaintiff's motion must be denied.

    Rule 201 of the Federal Rules of Evidence permits a court to take judicial notice of any facts which may be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) and (d). However, a Court may only take judicial notice of facts contained in a state agency's records where the facts are not subject to a reasonable dispute." Brown v. Valoff, 422 F.3d 926, 931 n. 7 (9th Cir. 2005).

First, Plaintiff does not provide any basis other than the citation to the second amended complaint and attached exhibits to support a finding of judicial notice, and the Court cannot determine the relevancy of the documents. Second, the Court will not take judicial notice of documents in a vacuum and the documents referenced by Plaintiff are not the type of adjudicative facts that are judicially noticeable. <u>See</u> Fed. R. Evid. 201. Accordingly, Plaintiff's request for judicial notice is DENIED.

IT IS SO ORDERED.

Dated:   **July 6, 2016**

UNITED STATES MAGISTRATE JUDGE