1
2
3
4
5
6
7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11   BILLY COY COCHRAN,                    )   Case No.: 1:15-cv-01092-AWI-SAB (PC)
                                           )
12              Plaintiff,                 )
                                           )   ORDER DENYING WITHOUT PREJUDICE,
13        v.                               )   PLAINTIFF'S FIFTH MOTION FOR THE
                                           )   APPOINTMENT OF COUNSEL
14   E. AGUIRRE,                           )
                                           )   [ECF No. 50]
15              Defendant.                 )
                                           )
16   _____    )

17          Plaintiff Billy Coy Cochran is appearing pro se in this civil rights action pursuant to 42 U.S.C.

18   § 1983.

19          Currently before the Court is Plaintiff's fifth motion for the appointment of voluntary counsel,

20   filed September 12, 2016.

21          Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v.</u>

22   <u>Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent

23   plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern</u>

24   <u>District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court

25   may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at

26   1525.

27   ///

28   ///

                                              1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Plaintiff has not demonstrated new or different circumstances to merit appointment of counsel in this case, and Plaintiff simply presents the same arguments previously considered by the Court in denying his prior motions for appointment of counsel.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Furthermore, appointment of counsel is not necessary for the parties to conduct effective discovery.  In the present case, the Court does not find the required exceptional circumstances.  Accordingly, Plaintiff's fifth motion for appointment of counsel will be DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **September 14, 2016**

UNITED STATES MAGISTRATE JUDGE

2