UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY COY COCHRAN,<br><br>    Plaintiff,<br><br>    v.<br><br>E. AGUIRRE,<br><br>    Defendant. | Case No.: 1:15-cv-01092-AWI-SAB (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER, DENYING PLAINTIFF'S MOTION TO STAY DISCOVERY AND MOTION FOR IN CAMERA HEARING<br><br>[ECF Nos. 56, 57, 58] |

Plaintiff Billy Coy Cochran is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 6, 2016, Plaintiff filed a motion to stay discovery and motion for an in camera hearing. (ECF Nos. 56, 57.)

On October 7, 2016, Defendant filed a motion to modify the discovery and scheduling order. Defendant specifically seeks a forty-five day extension of the discovery deadline after the Court rules on Defendant's motion for summary judgment for failure to exhaust, for the limited purpose of deposing Plaintiff and filing any necessary motions to compel. Defendant also requests to vacate the current dispositive motion deadline and issue a new deadline, if necessary, after ruling on Defendant's pending motion.

Because the Court can resolve the motions without opposition by the parties, the Court will not await the opposition deadline period prior to ruling on the instant motions. Local Rule 230(l).

1

# I.

# DISCUSSION

### A.     Plaintiff's Motion to Stay Discovery

Plaintiff moves for a stay of discovery until prison officials return his legal property.

Plaintiff filed an opposition to Defendant's exhaustion-related motion for summary judgment on October 6, 2016 and argues that the cancellation and rejection of his appeals rendered the administrative process unavailable.  (Opp'n at 2-3, ECF No. 55.)  Although Plaintiff contends that his legal property was confiscated, Plaintiff fails to demonstrate what documents are necessary to oppose Defendant's pending motion for summary judgment for failure to exhaust the administrative remedies or how the documents submitted by Defendant's are not sufficient to resolve the motion.  (See Def.'s Mot. Summ. J., Attach. Exs., ECF No. 52.)  Accordingly, Plaintiff's motion to stay discovery is DENIED.

### B.     Plaintiff's Motion for in Camera Hearing

Plaintiff seeks in camera review for the Court to determine "whether alleged confidential information is actually confidential and even if it is whether it must have parts redacted and the rest produced per discover[y]."   (Mot. at 1, ECF No. 57.)

To the extent Plaintiff is seeking to compel Defendant to provide further responses to discovery by way of a motion to compel, Plaintiff's motion is procedurally defective.  If the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

1    Plaintiff's motion is procedurally defective because he failed to attach the discovery requests at 2 issue or Defendant's responses which he contends are inadequate.  As previously noted, the moving 3 party bears the burden of informing the court which discovery requests are the subject of the motion to 4 compel, which responses are disputed, why the defendant's responses are deficient or its objections 5 not justified, and why the information sought is relevant to the prosecution of the action.  See Christ v. 6 Blackwell, No. CIV-S-10-0760, 2011 WL 3847165, at *2 (E.D. Cal. Aug. 30, 2011); Ellis v. Cambra, 7 No. 1:02-CV-05646, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  To satisfy the burden, 8 Plaintiff must provide a copy of the propounded request, as well as the disputed responses, and 9 objections.  Roberts v. Cate, No. 2:08-cv-2624, 2011 WL 4405821, at *1 (E.D. Cal. Sept. 22, 2011); 10 Nelson v. Runnels, No. CIV S-06-1289, 2009 WL 211052, at *8 (E.D. Cal. Jan. 28, 2009). 11 Accordingly, Plaintiff's motion for an in camera review hearing and/or motion to compel is DENIED.

12    **C.    Defendant's Motion to Modify the Discovery and Scheduling Order**

13    The Court is vested with broad discretion to manage discovery.  Dichter-Mad Family Partners, 14 LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Hunt v. Cnty of Orange, 672 F.3d 606, 15 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); 16 Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  Pursuant to Rule 26(c)(1), the Court may, for 17 good cause, issue a protective order forbidding or limiting discovery.  The avoidance of undue burden 18 or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of 19 discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the 20 courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery 21 pending resolution of immunity issue).  The propriety of delaying discovery on the merits of the 22 plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth 23 Circuit.  Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 24 (2014); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 25 15, 2014).

26    The failure to exhaust is an affirmative defense, and Defendants are entitled to judgment on 27 Plaintiff's claims against them if the Court determines the claims are unexhausted.  Albino, 747 F.3d 28 at 1166.  Thus, the pending exhaustion motion has the potential to bring final resolution to this action,

3

obviating the need for merits-based discovery. Gibbs, 2014 WL 172187, at *3. In Albino, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. Albino, 747 F.3d at 1170.

To the extent that the non-moving party needs specific discovery to address issues raised in a dispositive motion, the non-moving party is entitled to seek redress. Fed. R. Civ. P. 56(d); Albino, 747 F.3d at 1170-71; Wyatt v. Terhune, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on other grounds by Albino, 747 F.3d at 1168-69). Here, however, Plaintiff's opposition makes no showing that in order to oppose the exhaustion motion, he needs specific discovery that (1) is relevant to the issue of exhaustion and (2) he reasonably believes exists that is not already provided by way of exhibits attached to Defendant's motion.[1] To the contrary, Plaintiff's opposition merely evidences a blanket desire to obtain unspecified documentation. The mere desire to continue with discovery does not suffice to avert the issuance of a protective order pending resolution of a dispositive motion raising the issue of exhaustion. Therefore, Defendant is entitled to the stay of discovery.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to stay discovery is DENIED;
2. Plaintiff's motion for an in camera review hearing is DENIED; and
3. Defendant's motion to modify the discovery and scheduling order is GRANTED, and all merit-based discovery is STAYED pending resolution of Defendant's exhaustion-

---

[1] Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Getz v. Boeing Co., 654 F.3d 852, 867-68 (9th Cir. 2011); Tatum v. City and Cnty. of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006).

1 related motion for summary judgment, the discovery and dispositive motion deadlines
2 are VACATED and a new scheduling order will issue, if necessary, after the motion is
3 resolved.

5 IT IS SO ORDERED.

6 Dated: __**October 17, 2016**__

7 UNITED STATES MAGISTRATE JUDGE