**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BILLY COY COCHRAN,<br><br>          Plaintiff,<br><br>     v.<br><br>E. AGUIRRE,<br><br>          Defendant. | Case No.: 1:15-cv-01092-AWI-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S SIXTH MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 65] |

Plaintiff Billy Coy Cochran is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 28, 2016, Plaintiff filed a "REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES AND RESPONSE", under California Rules of Court 1.100.  In response to the impairment necessitating accommodation, Plaintiff writes "Post-traumatic stress disorder, depressive mood disorder, poly substance abuse dependence, anti-social personality disorder, and gender identity disorder," and Plaintiff requests the appointment of counsel to assist him in this litigation.  (ECF No. 65.)

As an initial matter, Plaintiff is advised that federal courts, such as this Court, are not bound by California Rules of Court.  Further, to the extent Plaintiff requests the appointment of counsel in this case, his request must be denied.  Plaintiff has previously filed five requests for the appointment of counsel, which have all been denied, without prejudice.  (ECF Nos. 3, 12, 15, 20, 47, 48, 50, 51.)

As Plaintiff is well aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District

1

Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Plaintiff has not demonstrated new or different circumstances to merit appointment of counsel in this case.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Although Plaintiff attaches medical documents to his request which indicate that he suffers from depression and post-traumatic stress disorder, it is apparent that Plaintiff is being evaluated and treated for such condition.  A review of the record reflects that Plaintiff is articulate and able to comply with court orders, as well as file pro se motions.  In sum, the Court finds Plaintiff's reasons for requesting appointment of counsel indistinguishable from the reasons asserted by most prisoners.  Accordingly, Plaintiff's sixth motion for appointment of counsel is be DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **October 31, 2016**

_____
UNITED STATES MAGISTRATE JUDGE