UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY COY COCHRAN,<br><br>        Plaintiff,<br><br>    v.<br><br>E. AGUIRRE,<br><br>        Defendant. | Case No.: 1:15-cv-01092-AWI-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR DISCOVERY TO OPPOSE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DIRECTING DEFENDANTS TO PROVIDE A LIMITED RESPONSE WITHIN TWENTY-ONE DAYS |

    Plaintiff Billy Coy Cochran is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Plaintiff's motion requesting discovery to oppose Defendant's pending exhaustion-related motion for summary judgment, filed November 4, 2016.

**I.**

**RELEVANT BACKGROUND**

    On September 26, 2016, Defendant filed a motion for summary judgment for failure to exhaust the administrative remedies. On October 6, 2016, Plaintiff filed an opposition, along with a motion to stay discovery and in camera review hearing. (ECF Nos. 55, 56, 57.) In his opposition, Plaintiff states that it "is being prepared without plaintiff's legal property that was taken by prison officials on 9-21-16 which the defendant is aware of per letter dated 9-21-16." (ECF No. 55.) Defendant filed a reply to Plaintiff's opposition on October 13, 2016. (ECF No. 60.)

1

On October 13, 2016, the Court denied Plaintiff's previous request for a copy of the case file and other legal documents. (ECF No. 61.) On October 17, 2016, the Court denied Plaintiff's motion for a stay of discovery until the return of his legal property. (ECF No. 61.) The Court specifically stated that "Plaintiff fails to demonstrate what documents are necessary to oppose Defendant's pending motion for summary judgment for failure to exhaust the administrative remedies or how the documents submitted by Defendant's are not sufficient to resolve the motion." (See Def.'s Mot. Summ. J., Attach. Exs., ECF No. 62.) On October 24, 2016, the Court denied Plaintiff's second motion to stay the proceeding, stating "Plaintiff again fails to demonstrate what documents are necessary to oppose the motion and/or how the documents already submitted are not sufficient to resolve the motion." (ECF No. 64.)

## II.
## DISCUSSION

### A. Legal Standard

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Getz v. Boeing Co., 654 F.3d 852, 867-868 (9th Cir. 2011); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-1101 (9th Cir. 2006).

### B. Plaintiff's Motion

In the instant motion, Plaintiff requests an order for the Clerk of the Court to produce documents filed with the court, documents in the California Department of Corrections and Rehabilitation possession that have been removed from his central file, and documents in Defendant's

1  possession. This is essentially Plaintiff's *third* request seeking the documentation to oppose
2  Defendant's exhaustion-related motion for summary judgment.
3       As an initial matter, the Court notes that although Plaintiff contends he does not have access to
4  his legal property and documentation from his central file, Plaintiff is able to identify by name and
5  docket entry number several documents filed with the Court, and several inmate grievance forms by
6  log number. Thus, it appears that Plaintiff has some access to his legal documentation.
7       Nonetheless, to the extent Plaintiff requests copies of documents filed with the Court, Plaintiff
8  was previously advised, the Court does not provide free copies of case documents to parties. The
9  Clerk of Court charges $.50 per page for copies of documents. See 28 U.S.C. § 1914(a). Copies of up
10 to twenty pages may be made by the Clerk Office at this Court upon written request and prepayment
11 of the copy fees. The fact that the Court has granted leave for Plaintiff to proceed in forma pauperis
12 does not entitle him to free copies of documents from the Court. Under 28 U.S.C. § 2250, the Clerk is
13 not required to furnish copies without costs to an indigent plaintiff except by order of the judge.
14 Plaintiff is obligated to make and keep a copy of every document submitted to the Court or exchanged
15 between the parties. Indeed, over the course of this action, Plaintiff has submitted numerous exhibits,
16 and the Court will not weed through hundreds of pages of exhibits to determine and locate the
17 documentation that Plaintiff seeks. If Plaintiff believes the documentation is already in the case file,
18 Plaintiff need to simply reference such document for the Court to locate and consider. McLaughlin v.
19 Liu, 849 F.2d 1205, 1206 n. 3 (9th Cir. 1988) ("[It] is well-established that a party opposing summary
20 judgment may rely on material already on file in the case.") Accordingly, Plaintiff's motion for copies
21 of certain documents from the case file shall be denied.
22      With regard to Plaintiff's request for a copy of certain discovery requests and responses, the
23 Court does not and cannot provide Plaintiff a copy of such documents. Accordingly, Plaintiff's
24 request for a copy of discovery documents shall be denied.
25      Lastly, with regard to Plaintiff's claim that he does not presently have access to his legal
26 property and documentation from his central file, the Court cannot adequately resolve such claim
27 without input from Defendant. Accordingly, Defendant will be ordered to file a response to Plaintiff's
28 claim that he does not have access to his legal property and documentation within his central file.

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for copies of court filings and discovery requests is DENIED; and
2. Within **twenty-one (21)** days from the date of service of this order, Defendant shall file a response to Plaintiff's request that he does not have access to his legal property and documentation within his central file necessary to oppose the pending motion for summary judgment.

IT IS SO ORDERED.

Dated: **November 9, 2016**

UNITED STATES MAGISTRATE JUDGE