UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY COY COCHRAN,<br><br>          Plaintiff,<br><br>     v.<br><br>E. AGUIRRE,<br><br>          Defendant. | Case No.: 1:15-cv-01092-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DEFER RULING ON DEFENDANT'S EXHAUSTION-RELATED MOTION FOR SUMMARY JUDGMENT, GRANTING PLAINTIFF THIRTY DAYS TO FILE A SUPPLEMENTAL OPPOSITION<br><br>[ECF Nos. 67, 70] |

Plaintiff Billy Coy Cochran is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to defer ruling on Defendant Aguirre's exhaustion-related motion for summary judgment, filed October 31, 2016.

On November 1, 2016, the Court directed Defendant to file a response to Plaintiff's request for additional discovery to oppose the pending motion for summary judgment. (ECF No. 69.) Defendant filed a response on December 1, 2016. (ECF No. 70.) Plaintiff did not file a reply, therefore the motion is deemed submitted for review without oral argument. Local Rule 230(l).

In his motion, Plaintiff contends that he needs additional documentation to oppose Defendant's exhaustion-related motion for summary judgment because he has been denied access to his legal materials after his transfer to Valley State Prison (VSP) and contends items have been removed from his central file. (ECF No. 67.)

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3)

1

issue any other appropriate order." Fed. R. Civ. P. 56(d).  In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment.  Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Getz v. Boeing Co., 654 F.3d 852, 867-868 (9th Cir. 2011); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-1101 (9th Cir. 2006).

    As an initial matter, Defendant submits that Plaintiff responded to Defendant's discovery requests where Defendant sought "all administrative appeals [Plaintiff] contend[s] [Plaintiff] submitted concerning [his] allegations in the Complaint."  (Def.'s Mot. for Summ. J., Interrog. No. 15, Sept. 26, 2016, ECF No. 52-16, at p.8.)  Defendant also requested that Plaintiff "[p]roduce all DOCUMENTS identified in response to interrogatory number 15."  (Id. at p. 14.)  All of the documentation is attached to Defendant's motion for summary judgment.  (ECF No. 52.)  Defendant has agreed to serve Plaintiff an additional copy of all items produced in response to discovery, including all exhibits attached to the pending motion for summary judgment.  (ECF No. 70, Attach. A.)

    Defendant further submits that Plaintiff arrived at VSP on September 21, 2016, with two boxes of property.  (ECF No. 70-4, Pacifico Decl., ¶ 3.)  VSP received two additional boxes of Plaintiff's property on October 10, 2016.  (Id. at ¶ 4.)  Because the property boxes contain both personal and legal property, it is uncertain how much of the property related to Plaintiff's legal claims.  (Id. at ¶ 5.)  Plaintiff is permitted to possess up to six cubic feet of property and one cubic foot of personal property.  (Id. at ¶ 6.)  Any remaining property is stored in receiving and release and Plaintiff may submit requests to obtain those items.  (Id. at ¶ 7.)  Plaintiff requested and received documents from his central file on October 28, 2016.  (Id. at ¶ 8.)  Indeed, the CDC-128 D form, dated October 28, 2016, states, "[o]n 10/28/16, at approximately 1020 hours I received 226 copies of all of my grievances filed from 6/1/13 to present Appeal LOG#FSP-12-00129, 24 copies of all of my Rules Violation Reports from Folsom State Prison, 1 copy of Notice Of Classification Hearing [dated] 10/26/15, 1 copy of CDC 7219 [dated] 4/15/16, and 72 copies of Administrative Segregation Unit

Placement Notices from 6.1.13 to present from my assigned counselor. This came to a grand total of 325 copies." (ECF No. 70-4, Attach. B.)  In addition, Plaintiff reviewed his central file on November 18, 2016.  (Id. at ¶ 9.)  The CDC-128 D form, dated November 18, 2016, states, "[o]n 11/18/16, at approximately 1000 hours I reviewed my Central File in preparation for a pending litigations case.  I received 70 copies out of my central file from my assigned counselor." (ECF No. 70-4, Attach. C.)  As Plaintiff acknowledges, a litigation hold was placed on Plaintiff's central file on February 10, 2016. (ECF No. 68, at p. 5.)  In his motion, Plaintiff contends that many of his appeals were screened out by the appeals coordinator; however, screened out appeals are not maintained in Plaintiff's central file. (Pacifico Decl., ¶ 10.)  Rather, such appeals would have been returned to Plaintiff along with a screening letter.  (Id. at ¶ 11.)

      Plaintiff's general argument that he has been denied the right to obtain evidence to support his opposition is precisely the type of general argument which is not sufficient to obtain relief under Rule 56(d).  Moreover, because Defendant has provided Plaintiff with an additional copy of his discovery responses that contain all appeals identified as relevant by Plaintiff, and Plaintiff has had access to his central file, Plaintiff's motion to defer ruling on Defendant's exhaustion-related motion for summary judgment in order to obtain further discovery is DENIED.  In the interest of justice, the Court will grant Plaintiff thirty (30) days from the date of service of this order to file a supplemental opposition, and Defendant may file a reply within fourteen (14) days after the filing of any supplemental opposition.  The motion will be deemed submitted for review after any supplemental filings, and no extensions of time will be granted, absent a showing of extraordinary circumstances.

IT IS SO ORDERED.

Dated: __**December 14, 2016**__

UNITED STATES MAGISTRATE JUDGE