UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY COY COCHRAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>E. AGUIRRE,<br><br>　　　　　Defendant. | Case No.: 1:15-cv-01092-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT<br><br>[ECF No. 81] |

Plaintiff Billy Coy Cochran is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for leave to amend the complaint, filed February 3, 2017. Defendant filed an opposition on February 23, 2017, and Plaintiff filed a reply on March 8, 2017.

**I.**

**DISCUSSION**

Both Federal Rules of Civil Procedure 15 and 16 govern leave to amend in this instance. Rule 16(b) govern the issuance and modification of pretrial scheduling orders while Rule 15(a) govern amendment of pleadings. Both rules will be discussed below.

///

///

1

### A.     Federal Rule of Civil Procedure 16

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably bee foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

In order to demonstrate diligence, Plaintiff must show whether he collaborated with the court in setting a schedule; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent. Johnson, 975 F.2d at 608. "[C]arelessness not compatible with a finding of diligence and offers no reason for a grant of relief." Id. at 609. The district court is given broad discretion under Rule 16. Id. at 607.

Plaintiff's original complaint was filed on July 15, 2015. On August 14, 2015, the complaint was dismissed with leave to amend. Plaintiff filed an amended complaint on September 10, 2015. On November 25, 2015, the amended complaint was dismissed with leave to amend. Plaintiff filed a

2

1  second amended complaint on January 4, 2016.  On January 7, 2016, the Court found Plaintiff's
2  second amended complaint stated a cognizable claim against Defendant E. Aguirre for failure to
3  protect, due process violation relating to the deprivation of his personal property, equal protection
4  violation, and state law negligence.

5       On May 10, 2016, Defendant filed an answer to the complaint.  On May 11, 2016, the Court
6  issued the discovery and scheduling order, setting a November 11, 2016, deadline to amend the
7  pleadings.

8       In his motion to amend, Plaintiff requests to add unspecified defendants, listed as "and others."
9  (ECF No. 83, Mot. at 1-2.)  Plaintiff submits a 92 page proposed third amended complaint, and lists
10 fifty-six (56) defendants he seeks to add, and asserts new factual allegations, submits several
11 additional exhibits, and a total of 245 claims.

12      Plaintiff contends that he is diagnosed with mental disabilities, including major depressive
13 disorder, posttraumatic stress disorder, anti-social personality disorder, polysubstance abuse, and
14 gender identity disorder.  He suffers from major depression at least once every two months for at least
15 two weeks everyday all day, which causes severe difficulty and ability to think, concentrate, and make
16 decisions.  Plaintiff contends that he has exercised due diligence at all time in prosecuting this action.

17      Plaintiff has not shown due diligence in seeking to amend the complaint.  On April 25, 2016,
18 Plaintiff filed a motion for extension of time to file a third amended complaint contending he was still
19 in the process of exhausting his claims and would file once exhaustion was complete.  (ECF No. 33.)
20 On April 27, 2016, the Court denied Plaintiff's motion, without prejudice, stating "it is not apparent
21 from the motion what factual contentions Plaintiff seeks to present and amend by way of filing a third
22 amended complaint," and Plaintiff's motion was defective as he failed to include a proposed amended
23 complaint. (ECF No. 35, Order at 2.)  In addition, as previously stated, the Court's May 11, 2016,
24 discovery and scheduling order provided a deadline to amend the pleading for November 11, 2016.
25 (ECF No. 40.)  Plaintiff has had several opportunities to amend his complaint, yet he failed to do so.
26 Plaintiff now seeks to submit a fourth pleading setting forth unrelated and conclusory claims (245
27 specifically), against fifty-six defendants.  Plaintiff has simply failed to demonstrate due diligence on
28 his part in seeking leave to amend.

Plaintiff's "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief, and there is simply no justifiable reason for Plaintiff's delay in failing to amend the pleading. Plaintiff simply fails to explain why he did not seek to raise these claims earlier.

Even if Plaintiff met the due diligence standard under Rule 16(b), Plaintiff's motion to amend must be denied under Rule 15.

### B. Federal Rule of Civil Procedure 15

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

#### 1. Prior Amendments and Prejudice to Defendants

The Court's discretion to deny an amendment is "particularly broad" where a party has previously amended the pleadings. Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990). In addition, the most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Allowing Plaintiff to file a third amended complaint at this juncture would cause prejudice to Defendants as he has already filed an answer to the complaint and a scheduling order has been issued. Indeed, the deadline to amend the pleadings expired on November 11, 2016, and the discovery deadline expired on January 11, 2017-prior to Plaintiff filing the instant motion. See, e.g., Zivkovic v. Southern California Edison, Co., 302 F.3d at 1087 (observing "[t]he requirement of additional

4

discovery would have prejudiced [the defendant]" if leave to amend the complaint was granted); Lockheed Martin Corp. v. Network Solutions Inc., 194 F.3d 980, 986 (9th Cir. 1999) ("[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice"). Plaintiff was previously granted leave to amend, and the operative second amended complaint alleged claims only against Defendant Aguirre. (ECF Nos. 15, 17, 23, 24.) Furthermore, Plaintiff failed to timely seek amendment, and this case has been pending for over a year and a half and some of the events presented in the third amended complaint took place as long as five years ago. Accordingly, these factors weigh against granting Plaintiff leave to amend.

### 2. Bad Faith

There is no evidence before the Court suggesting that Plaintiff acted in bad faith in seeking amendment. Therefore, this factor does not weigh against amendment.

### 3. Undue Delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). However, in combination with other factors, delay may be sufficient to deny amendment. See Hurn v. Ret. Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir. 1981).

The undue delay analysis is similar to the due diligence analysis set forth above under Rule 16(b). In support of his motion, Plaintiff argues that he has "exercised due diligence at all times in prosecuting this action…" (ECF No. 81 at 2.) However, Plaintiff has failed to explain why he did not exercise due diligence in seeking to amend the complaint. Plaintiff has had several opportunities to amend his complaint, yet he failed to do so. Accordingly, this factor weighs against granting Plaintiff leave to amend.

### 4. Futile

Defendants have filed a motion for summary judgment for Plaintiff's failure to exhaust the administrative remedies, and argue that Plaintiff has admitted that the new allegations were not exhausted before he filed the complaint and were only recently exhausted. While it is not entirely clear whether Plaintiff exhausted the administrative remedies, if he has not this factor weighs in favor

of denial of motion to amend. However, irrespective of proper exhaustion as to the new claims, the motion to amend must be denied based on Plaintiff's undue delay and prejudice to Defendant.

## II.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend the complaint is DENIED; and
2. Plaintiff's third amended complaint (Doc. 83) is STRICKEN from the record.

IT IS SO ORDERED.

Dated: __**March 13, 2017**__

UNITED STATES MAGISTRATE JUDGE