# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY COY COCHRAN,<br><br>    Plaintiff,<br><br>v.<br><br>E. AGUIRRE,<br><br>    Defendant. | Case No.: 1:15-cv-01092-AWI-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S EIGHTH MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 96] |

Plaintiff Billy Coy Cochran is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's eighth motion for appointment of counsel, filed June 1, 2017.

As Plaintiff is well aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). The Court has previously denied Plaintiff's requests because he failed to show exceptional circumstances to justify appoint of counsel. Plaintiff has not demonstrated new or different circumstances to merit appointment of counsel in his present motion. Indeed, Plaintiff is making the same arguments previously presented and considered by the Court. However, Plaintiff attaches a copy of the proposed third amended complaint which was stricken by the Court, which bears no relevance to a request for appointment of counsel. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Plaintiff must focus on litigating this case rather than making numerous requests for appointment of counsel. Plaintiff has been advised of the standard necessary for appointment of counsel. The Court has limited resources in appointing counsel to Plaintiffs who meet this standard. In some cases, even when the standard is accomplished there are no available counsel to accept these cases since these counsel are only those willing to accept cases pro bono. Plaintiff has failed to meet the standard, despite numerous admonishments and advisements by the court. The Court finds Plaintiff's reasons for requesting appointment of counsel indistinguishable from the reasons asserted by most prisoners. Accordingly, Plaintiff's eighth motion for appointment of counsel is be DENIED without prejudice.

IT IS SO ORDERED.

Dated: **June 2, 2017**

_____
UNITED STATES MAGISTRATE JUDGE