**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BILLY COY COCHRAN,<br><br>        Plaintiff,<br><br>    v.<br><br>E. AGUIRRE,<br><br>        Defendant. | Case No.: 1:15-cv-01092-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S MARCH 14, 2017, ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>[ECF No. 93] |

Plaintiff Billy Coy Cochran is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to the United States Magistrate judge jurisdiction; however, Defendant has not consented or declined. Therefore, this action was referred to the undersigned pursuant to pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's motion for reconsideration of the Magistrate Judge's March 14, 2017, order denying Plaintiff's motion to amend the complaint, filed March 30, 2017. Defendant filed an opposition on April 20, 2017. Plaintiff did not file a reply, and the motion is therefore deemed submitted for review without oral argument. Local Rule 230(l).

**I.**

**DISCUSSION**

If a party objects to a non-dispositive pretrial ruing by a magistrate judge, the district court will review or reconsider the ruling under the "clearly erroneous or contrary to law" standard. 28 U.S.C. §

626(b)(1)(A); Fed. R. Civ. P. 72(a); Grimes v. City of San Francisco, 951 F.2d 236, 240-41 (9th Cir. 1991). A magistrate judge's factual findings or discretionary decisions are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); McAdam v. State Nat'l Ins. Co., 15 F.Supp.3d 1009, 1013 (S.D. Cal. 2014); Avalos v. Foster Poultry Farms, 798 F.Supp.2d 1156, 1160 (E.D. Cal. 2011). This standard is significantly deferential. Avalos, 798 F.Supp.2d at 1160. The district court "may not simply substitute its judgment for that of the deciding court." Grimes, 951 F.2d at 241; Avalos, 798 F.Supp.2d at 1160. The "contrary to law" standard, however, allows independent review of purely legal determinations by the magistrate judge. See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Avalos, 798 F.Supp.2d at 1160; Jadwin v. County of Kern, 767F.Supp.2d 1069, 1110-11 (E.D. Cal. 2011). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Avalos, 798 F.Supp.2d at 1160; Jadwin, 767 F.Supp.2d at 1011.

As stated by the magistrate judge, Plaintiff's original complaint was filed on July 15, 2015. On August 14, 2015, the complaint was dismissed with leave to amend. Plaintiff filed an amended complaint on September 10, 2015. On November 25, 2015, the amended complaint was dismissed with leave to amend. Plaintiff filed a second amended complaint on January 4, 2016, against Defendant Aguirre only. On January 7, 2016, the Court found Plaintiff's second amended complaint stated a cognizable claim against Defendant E. Aguirre for failure to protect, due process violation relating to the deprivation of his personal property, equal protection violation, and state law negligence. On May 10, 2016, Defendant filed an answer to the complaint. On May 11, 2016, the Court issued the discovery and scheduling order, setting a November 11, 2016, deadline to amend the pleadings. In his motion to amend, Plaintiff requested to add unspecified defendants, listed as "and others." (ECF No. 83, Mot. at 1-2.) Plaintiff submitted a 92 page proposed third amended complaint, and listed fifty-six (56) defendants to add, and asserting new factual allegations along with submission of several additional exhibits, and a total of 245 claims.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a

party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff fails to demonstrate that the magistrate judge erred in determining that amendment would prejudice Defendant and cause undue delay. The magistrate judge correctly found that the most important factor, prejudice to Defendant, weighted against granting leave to amend. Defendant would be prejudiced in this instance because granting Plaintiff leave to amend at this juncture would necessitate reopening the discovery period and the period to file an exhaustion motion for summary judgment. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Putting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial."); Acri v. International Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398-99 (9th Cir. 1986) (affirming the denial of leave to amend and holding that the district court did not abuse its discretion in concluding that allowing amendment would prejudice the defendant because of the necessity for reopening discovery); see also Bassani v. Sutton, 430 Fed. App'x 596, 597 (9th Cir. 2011) (holding that "the district court's ultimate conclusions – that there would be undue delay and prejudice to the defendants if [the plaintiff] were allowed to amend his complaint two years into litigation and after the close of discovery – were not an abuse of discretion"). Plaintiff's motion for reconsideration simply disagrees with the magistrate judge's order and Plaintiff fails to overcome the finding of prejudice to Defendant. As stated by the magistrate judge, Defendant would be prejudiced as he has already filed an answer and the scheduling has been issued. (ECF No. 91.) Additionally, the deadline for Plaintiff to amend

the pleadings expired on November 11, 2016. (Id.) Furthermore, Plaintiff was previously granted leave to amend and filed a second amended complaint against Defendant Aguirre only. By way of amendment, Plaintiff is seeking to add 56 defendants and 245 claims regarding events that took place over five years ago, and Plaintiff has failed to demonstrate diligence in seeking to amend the complaint as he has had several opportunities to do so, yet failed to timely do so. (Id.)

Based on the foregoing, Plaintiff's motion for reconsideration of the magistrate judge's March 14, 2017, order denying his motion to amend the complaint is DENIED.

IT IS SO ORDERED.

Dated:  June 8, 2017    _____
                                          SENIOR DISTRICT JUDGE