# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY COY COCHRAN, | Case No.  1:15-cv-01092-AWI-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| E. AGUIRRE, | |
| Defendant. | (ECF Nos. 52, 55, 60, 76-78, 80, 100, 101) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Billy Coy Cochran is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff consented to the United States magistrate judge jurisdiction; however, Defendant has not consented or declined.  Therefore, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

## I.

## PROCEDURAL HISTORY

This action is proceeding on the second amended complaint, filed January 4, 2016, against Defendant E. Aguirre (hereafter Defendant or Aguirre) for failure to protect, due process related to deprivation of his personal property, equal protection, and state law negligence claims. (ECF Nos. 23, 24.)

///

1   Defendant filed an answer to the second amended complaint on May 10, 2016.  (ECF No.

2   38.)  On May 11, 2016, the Court issued the discovery and scheduling order.  (ECF No. 40.)  On

3   August 12, 2016, the Court granted Defendant's request to extend the deadline to file a motion

4   for failure to exhaust.  (ECF No. 46.)  On September 26, 2016, Defendant filed a motion for

5   summary judgment.[1]  (ECF No. 52.)  Plaintiff filed an opposition to Defendant's motion for

6   summary judgment on October 6, 2016.  (ECF No. 55.)  On December 14, 2016, Plaintiff was

7   granted the opportunity to file a supplemental opposition to the motion for summary judgment.

8   (ECF No. 71.)  Plaintiff filed his supplemental opposition on January 19, 2017.  (ECF Nos. 76-

9   78.)  Defendant filed a reply on January 30, 2017.  (ECF No. 80.)  On June 2, 2017, an order

10  issued requiring Defendant to file a supplemental pleading in support of their motion for

11  summary judgment.  (ECF No. 98.)  On June 16, 2017, Corral and Voong filed supplemental

12  declarations.  (ECF No. 100, 101.)

## II.

## LEGAL STANDARD

### A.    Statutory Exhaustion Requirement

16      The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such

17  administrative remedies as are available" before commencing a suit challenging prison

18  conditions."  42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __, 136 S.Ct. 1850 (June 6, 2016)

19  ("An inmate need exhaust only such administrative remedies that are 'available.' ").  Exhaustion

20  is mandatory unless unavailable.  "The obligation to exhaust 'available' remedies persists as long

21  as some remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies

22  … available,' and the prisoner need not further pursue the grievance."  Brown v. Valoff, 422

23  F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739

24  (2001)).

25      This statutory exhaustion requirement applies to all inmate suits about prison life, Porter

26  v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by

---

[1]Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the Court in an order filed on August 14, 2009.  Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

1   the prisoner or the relief offered by the process, <u>Booth</u>, 532 U.S. at 741, and unexhausted claims

2   may not be brought to court, <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007) (citing <u>Porter</u>, 534 U.S. at

3   524).

4         The failure to exhaust is an affirmative defense, and the defendants bear the burden of

5   raising and proving the absence of exhaustion. <u>Jones</u>, 549 U.S. at 216; <u>Albino v. Baca</u>, 747 F.3d

6   1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of

7   the complaint, a defendant may move for dismissal under Rule 12(b)(6)." <u>Albino</u>, 747 F.3d at

8   1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they

9   are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the

10   light most favorable to the plaintiff, shows he failed to exhaust. <u>Id.</u>

11      **B.**    **Summary Judgment Standard**

12         Any party may move for summary judgment, and the Court shall grant summary

13   judgment if the movant shows that there is no genuine dispute as to any material fact and the

14   movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks

15   omitted); <u>Albino</u>, 747 F.3d at 1166; <u>Washington Mut. Inc. v. U.S.</u>, 636 F.3d 1207, 1216 (9th Cir.

16   2011). Each party's position, whether it be that a fact is disputed or undisputed, must be

17   supported by (1) citing to particular parts of materials in the record, including but not limited to

18   depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not

19   establish the presence or absence of a genuine dispute or that the opposing party cannot produce

20   admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The

21   Court may consider other materials in the record not cited to by the parties, although it is not

22   required to do so. Fed. R. Civ. P. 56(c)(3); <u>Carmen v. San Francisco Unified Sch. Dist.</u>, 237

23   F.3d 1026, 1031 (9th Cir. 2001); <u>accord</u> <u>Simmons v. Navajo Cnty., Ariz.</u>, 609 F.3d 1011, 1017

24   (9th Cir. 2010).

25         The defendant bears the burden of proof in moving for summary judgment for failure to

26   exhaust, <u>Albino</u>, 747 F.3d at 1166, and he must "prove that there was an available administrative

27   remedy, and that the prisoner did not exhaust that available remedy," <u>id.</u> at 1172. If the

28   defendant carries his burden, the burden of production shifts to the plaintiff "to come forward

1 with evidence showing that there is something in his particular case that made the existing and
2 generally available administrative remedies effectively unavailable to him." Id. "If the
3 undisputed evidence viewed in the light most favorable to the prisoner shows a failure to
4 exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However,
5 "[i]f material facts are disputed, summary judgment should be denied, and the district judge
6 rather than a jury should determine the facts." Id.

7 **III.**

8 **DISCUSSION**

9 **A.    Description of CDCR's Administrative Remedy Process**

10 Plaintiff is a state prisoner in the custody of the California Department of Corrections and
11 Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate
12 grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is
13 mandatory and state prisoners are required to exhaust CDCR's administrative remedy process
14 prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v.
15 Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-
16 medical appeals consists of three levels of review: (1) first level formal written appeals; (2)
17 second level appeal to the Warden or designees; and (3) third level appeal to the Office of
18 Appeals (OOA). Inmates are required to submit appeals on a standardized form (CDCR Form
19 602), attach necessary supporting documentation, and submit the appeal within thirty days of the
20 disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b).

21 **B.    Undisputed Facts**

22 1.    Plaintiff initiated this action on July 12, 2015, when he served his initial
23 complaint. (Compl., ECF No. 1.)

24 2.    Plaintiff filed the operative second amended complaint on December 29, 2015.
25 (Second. Am. Compl., ECF No. 23.)

26 3.    On January 7, 2016, the Court permitted Plaintiff to proceed on his failure to
27 protect, due process, equal protection, and state law negligence claims against Aguirre.
28 (Screening Order, ECF No. 24.)

4

4.      Plaintiff's second amended complaint alleges that on or around July 5, 2014, Plaintiff told Aguirre that he needed protection from white prisoners in general population because he is transgender.  (SAC 6.)

5.      Plaintiff informed Aguirre that he had been hit on the head with a large book by inmate Statos because that inmate told him that he would not live with a homosexual.  (SAC 6.)

6.      Aguirre responded by moving Plaintiff from Building 3 to Building 1, but kept Plaintiff housed in general population.  (SAC 6.)

7.      On October 15, 2014, Plaintiff again told Aguirre that he needed protection from white prisoners in general population because he is transgender.  (SAC 6.)

8.      Plaintiff informed Aguirre that moments earlier, two unidentified white prisoners had punched and kicked him while saying "queers were not allowed in their dorm."  (SAC 6.)

9.      Aguirre moved Plaintiff to a new dorm that day, but kept Plaintiff housed in general population.  (SAC 6.)

10.     On November 13, 2014, Plaintiff again informed Aguirre that he needed protection from white prisoners in general population because he is transgender, but this time Plaintiff noted that he needed medical care for a head injury.  (SAC 6.)

11.     Plaintiff further informed Aguirre that the night before at around 8:30 p.m., another inmate, Sikora, hit Plaintiff on the head, knocking him unconscious.  (SAC 6.)

12.     When Plaintiff regained consciousness, he could not hear in his right ear, was in excruciating pain, and inmate Sikora told him that the next time Plaintiff "acted gay" he would kill him.  (SAC 6.)

13.     The next morning, Plaintiff informed Aguirre that inmate Napier told Plaintiff that because Plaintiff did not fight inmate Sikora back to prove that he was not gay, he needed to leave the yard.  (SAC 6-7.)

14.     Plaintiff then advised Aguirre that his property was locked in his locker except for his canteen items under his bed, and requested that Aguirre pack all of his items.  (SAC 7.)

15.     Aguirre instructed Plaintiff to go to the medical clinic.  (SAC 8.)

16.     Plaintiff then spoke with Lieutenant Lopez and asked if he could be rehoused in a

5

1   sensitive needs yard now that he had been injured.  (SAC 8.)

2       17.   Lieutenant Lopez advised Plaintiff that he would be housed in segregation, but

3   that he might get rehoused in general population.  (SAC 8.)

4       18.   Plaintiff was placed in a holding cage and Aguirre brought Plaintiff boxes

5   containing his property.  (SAC 8.)

6       19.   Plaintiff signed the property inventory sheet, but did not believe that all of his

7   property was present in the boxes.  (SAC 8.)

8       20.   Plaintiff identified several appeals in response to discovery that he contends

9   sufficed to exhaust his administrative remedies, including SATF-A-14-06119, SATF HC

10  15061322, SATF SC 15001939, SATF-G-16-00158, SATF-G-16-00472, SATF-G-16-01184,

11  SATF-16-01385, SATF-G-15-05851, and an unmarked CDCR 602 dated February 1, 2015.

12  (Samson Decl., ¶ 3, Def.'s Ex. 11, Pl.'s Resp. to Disc., p. 3.)

13      **C.**   **Findings on Defendant's Motion**

14      Defendant argues that Plaintiff failed to timely and properly submit any appeals to the

15  Office of Appeals regarding his claims against Aguirre, and the action should be dismissed,

16  without prejudice.  Defendant states that it is undisputed that Plaintiff identified the following

17  grievances as exhausting the administrative remedies for the claims in this action against

18  Aguirre: SATF-A-14-06119, SATF HC 15061322, SATF SC 15001939, SATF-G-16-00158,

19  SATF-G-16-00472, SATF-G-16-01184, SATF-16-01385, SATF-G-15-05851, and an unmarked

20  CDCR 602 dated February 1, 2015.  (Samson Decl., ¶ 3, Def.'s Ex. 11, Pl.'s Resp. to Disc., p. 3.)

21      Plaintiff argues that the appeal process was unavailable and, therefore, the Court should

22  deem his grievances exhausted.[2]   Plaintiff contends that his appeals were arbitrarily and

23  prejudicially rejected and cancelled despite his due diligence in repeatedly putting prison

24  officials on notice of the issues and the unavailability of the prison grievance process.  In his

25  original opposition, Plaintiff identified three grievances which he contends exhausted his

26

27  [2] In support of his opposition to the motion for summary judgment, Plaintiff has submitted approximately 1,600 pages of documents which are largely irrelevant in this action and to the current motion.  The Court has reviewed

28  those documents specifically identified by the parties and has reviewed Plaintiff's evidence to attempt to address relevant documents.

administrative remedies in this action: 1) SATF A-14-06119; 2) a February 1, 2015 appeal which was not logged and challenged the cancellation of SATF A-14-06119; and 3) SATF HC15061322 which was converted to SATSF 15061939.  (Decl. of Billy Cochran ¶ 1, ECF No. 55 at 2.)  Further, Plaintiff identifies appeals that were submitted after this action was filed: SATF-G-16-00158, SATF-G-16-00472, SATF-G-16-01184, and SATF-G-16-01385.  (Id. at ¶ 4.)  Plaintiff contends that since none of his non-health care grievances are processed it demonstrates that administrative remedies are not available to him.

Defendant has submitted the declaration and supplemental declaration of J. Corral who is the appeal's coordinator at the Substance Abuse Treatment Facility ("SATF") where Plaintiff is housed.  (Decl. of J. Corral ¶ 1, ECF No. 52-13; Suppl. Decl. of J. Corral, ECF No. 100.)  He conducted a search of all non-health care appeals which Plaintiff identified in discovery.  (Decl. of J. Corral ¶ 6.)

Since the issues in this matter are not health care related, CDCR regulations require the inmate appeal to be exhausted through the Office of Appeals.  (Decl. of M. Voong ¶¶ 2, 4, ECF No. 52-3.)  Defendant submits the declaration and supplemental declaration of M. Voong stating that he conducted a search of the agencies records and there are no non-healthcare appeals for Plaintiff between January 15, 2014, and January 4, 2016, that went to the third level of decision. (Decl. of M. Voong ¶¶ 5, 7, 8; Suppl. Decl. of M. Voong, ECF No. 101.)  There are four appeals that were screened out and one appeal that was rejected for having been submitted at the inappropriate level of processing between January 15, 2014 and January 4, 2016.  (Decl. of M. Voong ¶¶ 10, 11.)

The Court finds that Defendant has met his burden of demonstrating that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy.  Albino, 747 F.3d at 1172.  The burden therefore shifts to Plaintiff to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  Id.

    1.   Third Level Review

Defendant submits those grievances that have been addressed at the third level of review.

1  Upon review of these documents, the Court finds that Defendant has submitted evidence to show

2  that Plaintiff has not exhausted his claims in this action by taking an appeal through the third

3  level of review prior to filing this action.

4           a.       **Appeals Dated February 1, 2015**

5           On February 1, 2015, Plaintiff submitted an inmate appeal (TLR No. 1408293)

6  requesting copies of all CDCR 602s that he had filed at Wasco from 8/1/13 to 1/15/14 and SATF

7  from 1/15/14 to 11/15/14.  (ECF No. 52-5 at 2-3.)  Plaintiff was advised that copies of his inmate

8  appeals were placed in his central file and he could obtain them by a request to his assigned

9  correctional counselor.  (ECF No. 52-5 at 1.)  This appeal does not grieve the allegations here

10 and would not exhaust Plaintiff's administrative remedies in this action.

11          Plaintiff also filed an appeal (TLR No. 1409954) this same day stating that he filed an

12 inmate appeal no. SATF-A-14-66114 which was rejected.  (ECF No. 52-5 at 5-6; ECF No. 77-1

13 at 152-158.)  The appeal was rejected because it had been filed at the inappropriate level for

14 processing bypassing the required lower level of review.  (ECF No. 52-5 at 4; Dec. of J. Corral

15 ¶¶ 8, 9, 11; (ECF No. 7701 at 162.)  The appeal was properly rejected as being submitted at the

16 inappropriate level bypassing lower levels of review.  Cal. Code Regs. tit. 15, § 3084.6(b)(15).

17          b.       **Inmate Appeal No. SATF-15-00522**

18          On January 20, 2015, Plaintiff filed an appeal no. SATF-15-00522 (TLR No. 1412450)

19 grieving that Correctional Officer Vasquez retaliated against him for filing a grievance against

20 Defendant Aguirre by making Plaintiff late for the pill line because he was socializing with a

21 female free staff.  (ECF No. 52-5 at 14-17; ECF No. 77-1 at 127-130.)  Further, Plaintiff alleged

22 that after his meal, Vasquez approached him in an aggressive manner causing Plaintiff to have an

23 anxiety attack.  (ECF No. 52-5 at 16.)  Plaintiff's appeal was granted at the first level and

24 cancelled at the second level because it was submitted 67 days beyond the allowable time

25 constraints.  (ECF No. 77-1 at 137-138, 139.)  Plaintiff submitted the appeal directly to the third

26 level and it was denied on June 11, 2015 for inappropriately bypassing the required lower level

27 of review.  (ECF No. 77-1 at 145.)  This appeal does not grieve the allegations here and would

28 not exhaust Plaintiff's administrative remedies in this action.

1          c.      Appeal No. 1506304

2          On September 30, 2015, Plaintiff submitted an appeal (TLR No. 1506304) which was

3   rejected for having bypassed lower level review.  (ECF No. 52-5 at 25.)  Plaintiff's appeal

4   alleged that from June 23, 2013, to the present, prison officials were aware that he was

5   transgender and failed to "prevent, detect, and respond" when inmate Sikora knocked him

6   unconscious and perforated his right ear drum and when Napier threatened him for being

7   transgender.  (ECF No. 52-5 at 27-29.)  This appeal was properly rejected because it was

8   submitted directly to third level review.  Cal. Code Regs. tit. 15, § 3084.6(b)(15) (appeal may be

9   rejected for being submitted for processing at the inappropriate level bypassing lower levels of

10  review).  This appeal did not exhaust Plaintiff's administrative remedies in this action.

11         2.      SATF Non-Health Care Related Appeals

12         Defendant argues that the only relevant grievance filed by Plaintiff, SATF SC 15001939

13  was not resolved until after Plaintiff filed this action and, therefore, does not exhaust his

14  administrative remedies.  In support of the motion for summary judgment, Defendant attaches

15  the declaration of J. Corral who is the appeals coordinator at SATF and was requested to conduct

16  a search of Plaintiff's non-health care appeals.  (ECF No. 52-14.)

17         a.      Inmate Appeal No. SATF SC 15001939

18         On March 11, 2015, Plaintiff submitted appeal no. SATF-HC 15061322 in which he

19  stated that Dr. Kitti told him to report PREA and SAPEA violations on a healthcare appeal as

20  custody was preventing him from submitting an appeal.  (ECF No. 52-12 at 1-6.)  Plaintiff

21  alleged that custody staff left him in the general population from "6-21 (?) -13 to 11-13-14"

22  despite his being LGBT.  (ECF No. 52-12.)  Plaintiff stated that 1) on July 1, 2014, he was

23  assaulted and battered by inmate Statos; 2) on November 12, 2014, he was assaulted by inmate

24  Sikora; 3) on November 13, 2104, he was assaulted by inmate Napier; 4) on November 13, 3014,

25  he suffered irreplaceable loss of property; 5) on November 13, 2014, documents were falsified to

26  conceal violations and injuries by custody staff; 6) on November 13, 2014, there was a failure to

27  investigate the possible rape of a LGBT in the general population; 7) on November 13, 2014,

28  heterosexual inmates were protected by not accurately reporting or prosecuting them; 8) custody

1    staff used undue influence on November 13, 2014, to get his signature; 9) gender discrimination
2    by all responsible staff from November 2014, to the present; and 10) custody staff was was
3    preventing him from reporting violations and injuries.  (ECF No. 52-12 at 5.)  The grievance was
4    bypassed by the first level of review.  (ECF No. 52-12 at 3-4.)

5         The appeal was consolidated with SATF SC 15001939 which appears to be a letter that
6    Plaintiff sent to the Office of the Inspector General complaining that the appeals office at SATF
7    was failing to process his inmate appeals.  (ECF No. 52-12 at 7-8, 13-24, 25.)  Plaintiff's letter
8    set forth multiple issues during the time that he was in custody where he alleged that his rights
9    were violated and his appeals had been rejected.  (Id. at 13-24.)  Plaintiff stated that he was
10   setting the violations out by category, although they were interrelated.  (Id. at 20.)  On May 28,
11   2015, the appeal was granted in part.  (ECF No. 52-12 at 4.)  An inquiry into Plaintiff's
12   allegations had been conducted, however, based upon the confidential nature of staff personnel
13   matters the details of the investigation were not shared.  (ECF No. 52-12 at 8.)  Plaintiff was
14   advised that he must submit the staff complaint appeal through all levels of the appeals process
15   to exhaust his administrative remedies.  (ECF No. 52-12 at 8.)

16        On August 28, 2015, the appeal was addressed at the third level of review.  (ECF No. 52-
17   12 at 1-2.)  Plaintiff was informed that his appeal had been categorized as a health care appeal
18   and his allegations against custody staff needed to be pursued through the appropriate channels.
19   (Id. at 2.)  Plaintiff's custody claims were not addressed in the appeal.  (Id.)  Plaintiff was
20   notified that his appeal was denied and his administrative remedies were exhausted.  (Id. at 1.)

21        An inmate must exhaust the available administrative remedies before he filed suit, even if
22   the inmate fully exhausts while the suit is pending.  See McKinney v. Carey, 311 F.3d 1198,
23   1199 (9th Cir. 2002); Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (same).  While
24   Plaintiff exhausted the administrative remedies through the third level of review for some health
25   care claims through this appeal, he did so after filing the instant action which is insufficient
26   under the PLRA.  McKinney, 311 F.3d at 1199 (exhaustion of administrative remedies prior to
27   filing suit is an indispensable requirement and exhaustion subsequent to filing suit is not
28   sufficient).

1   Plaintiff's first amended complaint was filed after his claims raised in the appeal were

2   exhausted, but an inmate satisfies the exhaustion requirement for new claims added in an

3   amended complaint as long as he exhausted his administrative remedies with respect to such new

4   claims prior to filing the amended complaint. See Rhodes v. Robinson, 621 F.3d 1002, 1007

5   (9th Cir. 2010). In Cano v. Taylor, 739 F.3d 1214 (9th Cir. 2014), the Ninth Circuit added that

6   new claims based on actions that took place before the original complaint was filed, were not

7   barred under McKinney so long as plaintiff exhausted them prior to the filing of the amended

8   complaint. Cano, 739 F.3d at 1220. However, the exceptions outlined in Rhodes and Cano are

9   not present here. The events giving rise to the "new" claims must not have occurred until after

10  the filing of the original complaint, but the underlying events must be related to the events

11  alleged in the original complaint. Cano, 739 F.3d at 1220.

12  This action is proceeding on Plaintiff claims for failure to protect, due process related to

13  deprivation of his personal property, equal protection, and state law negligence claims.

14  Plaintiff's complaint, filed July 15, 2015, was 150 pages long and asserted claims against 200

15  defendants. (Compl., ECF No. 1.) Plaintiff's failure to protect (id. at 19-24), due process related

16  to deprivation of his personal property (id. at 75-76), equal protection (id. at 29-32, 43-44), and

17  state law negligence claims (id. at 25-26, 39-40) against Defendant Aguirre were alleged in his

18  original complaint. "[A] prisoner must exhaust his administrative remedies for the claims

19  contained within his complaint before that complaint is tendered to the district court." Rhodes,

20  621 F.3d at 1005. This provides prison officials with the opportunity to address an inmate's

21  complaints internally. Cano, 739 F.3d at 1219. The circumstances here are not similar to the

22  plaintiff in Cano who waited to raise his "new" claims until after the administrative remedies

23  were exhausted. Accordingly, these claims are not "new" within the meaning of Rhodes and

24  Cano, and appeal no. SATF-SC 15001939 could not suffice to exhaust Plaintiff's claims in this

25  action.

26  **b.    Inmate Appeal No. SATF-A 14-06119**

27  Plaintiff timely submitted appeal no SATF-A 14-06119 on December 10, 2014, grieving

28  the loss of his property. (ECF No. 77-1 at 97-99.) Plaintiff grieved that Aguirre packed his

11

1  property that was secured in his living area and had Plaintiff sign an inventory form under undue

2  influence.  (<u>Id.</u> at 98.)  Plaintiff alleged that "Aguirre did not report an assault and threat when I

3  told him earlier; he had sole control of my property; the assault; the threat; ruptured ear from

4  assault; fear of being put back on the yard and outed as an informant and as transgender [ ].  On

5  11-21-14 I got the property Aguirre packed and discovered missing: [list of items]."  (<u>Id.</u> at 98.)

6  Plaintiff grieved that Aguirre's misconduct directly caused him the loss of his property and that

7  Aguirre did not provide safe custody, report the threat and assault, secure his property, prevent

8  other inmates from controlling Plaintiff's property, treat Plaintiff equally, provide Plaintiff his

9  privileges and rights; find and return his items, not discriminate against Plaintiff, falsified an

10  inventory report, and did not respond to a CDCR 22.  (Id.)  Plaintiff sought the return of his

11  property or compensation of $100,000.00.  (<u>Id.</u> at 97.)

12       On December 16, 2014, the appeal was rejected by the appeals office for having attached

13  dividers and tabs, and because Plaintiff failed to attach receipts for the property at issue.  (Suppl.

14  Dec. of J. Corral ¶ 3; ECF No. 77-1 at 103.)  Plaintiff was advised to attach receipts of ownership

15  for his lost property and to remove all other documents.  (ECF No. 77-1 at 103.)

16       On December 30, 2014, Plaintiff resubmitted the appeal.  (ECF No. 77-1 at 104.)

17  Plaintiff argued that the rejection of the appeal was invalid because it did not include the name,

18  title, or signature of the appeal coordinator who screened it out.  (<u>Id.</u>)  Plaintiff stated that despite

19  the invalid screen out, he had attempted to follow the directions by separating the supporting

20  documents from the appeal but still including them under their cover pages.  (<u>Id.</u>)  Plaintiff

21  argued that the supporting documents were needed to substantiate his allegations and did not

22  simply restate the matter, citing 15 C.C.R. § 3084(h), especially his declaration, citing 15 C.C.R.

23  § 3084.2(b)(1).  (<u>Id.</u>)  Plaintiff stated that the documents, particularly the CDCR 22s[3] and

24  business letter were included to explain why documents were not available, because he was in

25  the process of getting them at the time the appeal was filed.  (<u>Id.</u>)

26       The appeal was rejected a second time and cancelled on January 5, 2015 pursuant to Cal.

27  ─────────────────────

28  [3] A CDCR 22 is an Inmate/Parolee Request for Interview, Item, or Service.  (<u>See</u> <u>e.g.</u> ECF No. 77 at 89, 96, 98, 100, 102, 104, 105, 107, 109.)

1   Code Regs tit. 15, § 3084(6)(c)(3) because Plaintiff submitted a rejected appeal and disregarded

2   appeal's staff instructions on what he needed to do to correct the appeal.  (Dec. of J. Corral ¶ 7;

3   Suppl. Decl. of J. Corral 3; ECF No. 106.)

4          On January 7, 2015, Plaintiff wrote to the appeal coordinator complaining that the

5   cancellation was in error because he was not continuing to submit a rejected appeal, but changed

6   the appeal by following staff directions to the best of his ability.  (ECF No. 77-1 at 107.)

7   Plaintiff contended that the screen out failed to include sufficiently clear instructions and the

8   appeal coordinator cannot give legal advice.  (Id.)  Plaintiff argued that the supporting documents

9   were material evidence and relevant evidence that substantiated his allegations citing section

10  3084(h).  (Id.)  Further, Plaintiff argued that the appeal coordinator was required to assist him

11  and was retaliating against him and demonstrating staff misconduct.  (Id.)

12         On February 13, 2015, Plaintiff was advised again that he was attempting to submit an

13  appeal that had been cancelled and was instructed to attach a new 602 regarding the cancellation

14  if he wished to challenge the cancellation.  (Dec. of J. Corral ¶ 7.)  Plaintiff was advised that his

15  appeal was considered misuse or abuse of the appeals process and that his correspondence was

16  not an appeal.  (ECF No. 77-1 at 108.)  Plaintiff was told that if he wanted to file an appeal of his

17  cancelled appeal he needed to file a new 602 within the required time frames and to remove all

18  excess supporting documents.  (Id.)

19         A grievance suffices to exhaust administrative remedies where it alerts the prison to the

20  nature of the wrong for which redress is sought and need not provide notice to the official who is

21  to be sued or include legal theories.  Reyes v. Smith, 810 F.3d 654, 659 (9th Cir. 2016).  Appeal

22  no SATF-A-14-06119 includes some of the allegations regarding the claims that are proceeding

23  in this action and could be sufficient to exhaust administrative remedies had it been properly

24  exhausted.  Plaintiff contends that he is excused from the exhaustion requirement because the

25  appeal was improperly screened out.  The Ninth Circuit has held that improper screening of an

26  inmate's appeal renders administrative remedies effectively unavailable such that he is not

27  required to exhaust under the PLRA.  Sapp, 623 F.3d at 823.

28         Here, Plaintiff's appeal was screened out because he attached dividers and tabs, and

1   because Plaintiff failed to attach receipts for the property at issue.  (Suppl. Dec. of J. Corral ¶ 3;

2   ECF No. 77-1 at 103.)  The regulations provide that an inmate shall not attach dividers or tabs to

3   appeals and doing so is grounds for rejection of the appeal.  Cal. Code Regs. tit. 15, §§

4   3804.2(b)(3), 3084.6(b)(12).  An inmate is required to attach all supporting documents necessary

5   for the clarification and or resolution of his appeal and failure to do is also grounds to reject an

6   appeal.  Cal. Code Regs. tit. 15, §§ 3084.3(a), 3084.3(c), 3084.6(b)(7).  Further, Section 3084.2

7   of Title 15 provides that only support documents that are necessary to clarify the appeal shall be

8   attached to the appeal.  Cal. Code Regs. tit. 15, § 3084.2(b)(1).  An appeal may also be rejected

9   where the appeal issue is obscured by pointless verbiage or voluminous unrelated documentation

10  such that the reviewer cannot be reasonably expected to identify the issue under appeal.  Cal.

11  Code Regs. tit. 15, § 3084.6(b)(9).  Here, Plaintiff's appeal was properly screened out for failing

12  to comply with the regulations.

13        Plaintiff was advised to attach receipts of ownership for his lost property and to remove

14  all other documents.  (ECF No. 77-1 at 103.)  Plaintiff resubmitted his appeal, but did not

15  remove the other documents because he believed they were "material evidence" to support his

16  claims.  The regulations provide that

17          Supporting documents means documents that are needed to substantiate
            allegations made in the appeal including, but not limited to, classification chronos,
18          property inventory sheets, property receipts, disciplinary reports with
            supplements, incident reports, notifications of disallowed mail, trust account
19          statements, memoranda or letters, medical records and written requests for
            interviews, items or services. Supporting documents do not include documents
20          that simply restate the matter under appeal, argue its merits, or introduce new
            issues not identified in the present appeal form.
21

22  Cal. Code Regs. tit. 15, § 3084(h).

23        Plaintiff was clearly informed of what he needed to do in order for his appeal to be in

24  compliance with the regulations, remove the attached documents and attach only property

25  receipts.  Plaintiff refused to follow the directions provided.  An appeal may be cancelled when

26  an inmate "continues to submit a rejected appeal while disregarding appeal staff's previous

27  instructions to correct the appeal including failure to submit necessary supporting documents,

28  unless the inmate [provides] a reasonable explanation of why the correction was not made or

documents are not available." Cal. Code Regs. tit. 15, § 3084.6(c)(3).  While Plaintiff responded that he did not "continue" to resubmit his rejected appeal because he changed it by following the screen out instructions to the best of his ability (ECF No. 77-1 at 107), Plaintiff admitted that he did not follow the instructions in resubmitting his appeal.  Plaintiff was told to attach receipts of ownership of lost property and "[r]emove all other documents."  (Id. at 103.)   Plaintiff resubmitted the appeal with the original documents separated, but still included under their cover pages.  (Id. at 104.)  Plaintiff identified his declaration, CDCR 22s, and a business letter included to explain why documents were not available.  (Id.)  Plaintiff did not comply with the screening rejection letter which required him to remove the supporting documents.

Plaintiff's appeal was properly screened out for failing to comply with the regulations. Plaintiff's resubmitted appeal was not processed because he refused to comply with the directions to remove all excess documents from his appeal.  On this ground, the appeal was properly cancelled.  Plaintiff has not provided any evidence that he appealed the cancellation decision by filing a new 602 within the required time frames as he was directed in the February 13, 2015 letter.  See ECF No. 77-1 at 108.  The Court finds that Plaintiff did not exhaust SATF-A 14-06119.

### c.    Inmate Appeal No. SATF-A 15-00367

On January 12, 2015, Plaintiff submitted inmate appeal no. SATF-A 15-00367 in which he grieved that he was being retaliated against for exercising his First Amendment right to file grievances.  (ECF No. 77-1 at 116-117.)  Plaintiff contended that on November 12, 2014, he was assaulted and got a ruptured ear.  (Id. at 116.)  On November 13, 2014, he was threatened for not fighting when he was assaulted.  (Id.)  He was placed in administrative segregation and Aguirre packed his property and used undue influence to have him sign a property inventory.  (Id.)  On November 21, 2014, Plaintiff got his property and discovered most of it was missing.  (Id. at 117.)  He filed a CDCR 602 on December 10, 2014 for the stolen property.  (Id.)  On December 17, 2014, his mental health medication was increased due to the assault, threat, undue influence, and stolen property.  (Id.)  On December 16, 2014, an unnamed appeal coordinator illegally rejected his 602.  (Id.)  On December 28, 2017, Plaintiff filed a 602 to discover who rejected his

1   appeal to which staff has not replied.  (Id.)  On December 30, 2014, he refiled his appeal.  On

2   January 5, 2015, appeal coordinator Ramos illegally cancelled his appeal.  (Id.)  On January 5,

3   2015, while medical was checking his ruptured ear, inmate Barber was caught taking food.  (Id.)

4   When Plaintiff returned to work in the kitchen several inmates told Plaintiff that someone had to

5   admit to giving the food to Barber or no one could take food later that night.  (Id.)  Plaintiff

6   alleged that he was influenced to admit giving Barber the food.  (Id.)  Plaintiff was told by

7   Officer Strebel that he would get a CDCR 115 for stealing food and to leave the kitchen.  (Id.)

8   On January 8, 2015, Plaintiff was reassigned from pots and pans to scullery.  (Id.)  Plaintiff

9   alleged that the CDCR 115 was in retaliation for his filing the CDCR.  (Id.)  Plaintiff requested

10  that all retaliation stop due to his exercising his First Amendment right to file grievances.  (Id. at

11  116.)

12      On January 23, 2015, the appeal was rejected because of pointless verbiage or

13  voluminous unrelated documentation such that the reviewer could not reasonably be expected to

14  identify the issue under appeal.  (Id. at 121.)  Plaintiff was instructed to clarify the issue.  (Id.)

15  Plaintiff was advised that his appeal included multiple issues and there could only be one issue

16  per 602.  (Id.)

17      An inmate is limited to one issue or related set of issues for each inmate appeal form

18  submitted.  Cal. Code Regs. tit. 15 § 3084.2(a)(1).  The regulations provide that "[f]ilings of

19  appeals combining unrelated issues shall be rejected and returned to the appellant by the appeals

20  coordinator with an explanation that the issues are deemed unrelated and may only be submitted

21  separately."  Id.  An appeal may be rejected where it involves multiple issues that do not derive

22  from a single event or are not directly related and cannot be reasonably addressed in a single

23  response due to this fact or where the appeal issue is obscured by pointless verbiage or

24  voluminous unrelated documentation such that the reviewer cannot reasonably be expected

25  identify the issue under appeal, Cal. Code Regs tit. 15, §§ 3084.6(b)(8)(9).

26      Plaintiff's appeal in this instance raised multiple issues that are clearly unrelated and it

27  was properly rejected on that ground.   The Court finds that Plaintiff did not exhaust

28  administrative remedies in this matter with appeal no. SATF-A 15-00367.

1          **d.       Inmate Appeal No. SATF-G 16-00158**

2          On November 3, 2015, Plaintiff sent a letter to Senator Tom Berryhill, Assemblyman Jim

3    Patterson, and a professor complaining that from June 23, 2015 to November 13, 2014, state

4    prison officials documented that he was transgender and had safety concerns about being housed

5    in the general population, but failed to safely house him until another inmate, Sikora beat him

6    unconscious, perforated his ear drum, sexually abused him possibly raping him, and Sikora and

7    another inmate, Napier, threatened Plaintiff for being transgender.  (ECF No. 78 at 28.)  Plaintiff

8    also alleged that prison officials responded by failing to adequately documents and investigate

9    his allegations, coerced him to sign fraudulent documents, made the grievance process

10   unavailable, denied him ongoing medical and mental health care, denied him a victim's

11   advocate, retaliated against him by destroying a LGBT manuscript and other property, and left

12   him housed at the institution.  (Id.)  Plaintiff stated that his mail had been tampered with and

13   destroyed and that he was interviewed by a correctional officer who is below the rank of those he

14   was investigating.  (Id.)

15         The letter was assigned appeal no. SATF-G 16-00158 by the appeal's office on January

16   20, 2016.  (Dec. of J. Corral ¶ 12; ECF No. 52-17 at 4-22.)  On February 4, 2016, appeal no.

17   SATF G 16-00158 was granted in part at the first level of review.   (ECF No. 52-17 at 11-12.)  In

18   the first level response, Plaintiff was informed that all issues unrelated to staff misconduct must

19   be appealed separately and would not be addressed in the response.  (ECF No. 78 at 34-35.)

20         Plaintiff resubmitted his appeal to the second level and it was rejected pursuant to Cal.

21   Code Regs. tit. 15, § 3084.6(b)(9) for having excessive paperwork.  (ECF No. 78 at 41; Dec. of J.

22   Corral ¶ 12.)   As previously stated, section 3084.2 of Title 15 provides that only support

23   documents that are necessary to clarify the appeal shall be attached to the appeal.  Cal. Code

24   Regs. tit. 15, § 3084.2(b)(1).  Plaintiff was informed that his "appeal issue [was] obscured by

25   pointless verbage or voluminous unrelated documentation such that the reviewer cannot be

26   reasonably expected to identify the issue under appeal."  (ECF No. 78 at 41.)  Plaintiff was

27   instructed to remove excessive paperwork and submit only what is related to the appeal.  (Id.)

28   Plaintiff responded by stating the only documents that were attached were those attached by staff

and instructed the Appeal's Office to tell staff to make the corrections that were necessary.  (ECF No. 78 at 41.)  The appeal was cancelled on May 6, 2016 for disregarding staff instructions on how to correct the appeal pursuant to Cal. Code Regs. tit. 15 § 3084.6(c)(3).  (Dec. of J. Corral ¶ 12; ECF No. 78 at 42.)

Plaintiff's appeal was properly cancelled as he failed to take the corrective action as directed in the rejection letter.  Further, as this appeal was not received by the appeals office prior to this suit being filed, it could not have served to exhaust Plaintiff's administrative remedies in this action.

### e.    Inmate Appeal No. SATF-G 16-00472

Appeal no. SATF-G 16-00472 was submitted by Plaintiff on February 7, 2016, and was received by the SATF Appeal's Office on February 17, 2016.  (ECF No. 52-17 at 23; Dec. of J. Corral ¶ 13.)  Plaintiff grieved that on November 13, 2014, after prison officials documented him as transgender and his related safety concerns in being housed in the general population, officials failed to safely house him until another inmate beat him and perforated his eardrum; another inmate threatened him for being transgender; prison officials failed to adequately investigate his allegations; Plaintiff was coerced into signing fraudulent documents; he was denied ongoing medical and mental health care and a victim's advocate; his property was destroyed; false rules violations reports issued; his mail has been tampered with and destroyed; and he was interviewed by a correctional officer who was below the rank of those who are allegedly investigating the two yards.  (ECF No. 78 at 82-84.)  The appeal was rejected the same day pursuant to Cal. Code Regs. tit. 15 § 3084.6(b)(8) for containing multiple issues.  (ECF No. 52-17 at 32; Dec. of J. Corral ¶ 13.)  An inmate is limited to one issue or related set of issues per each inmate appeal form submitted.  Cal. Code Regs. tit. 15 § 3084.2(a)(1).  The regulations provide that "[f]ilings of appeals combining unrelated issues shall be rejected and returned to the appellant by the appeals coordinator with an explanation that the issues are deemed unrelated and may only be submitted separately."  Id.

At the second level of review, Plaintiff was advised that his appeal contained multiple issues that did not derive from a single incident and could not be addressed in a single response.

(ECF No. 78 at 91.)  Plaintiff was advised to resubmit the separate issues using separate appeals and to remove handwritten documents.  (Id.)  Plaintiff was to submit one 602 per issue and one 602A only.  (Id.)  The appeal was cancelled on March 3, 2016 because Plaintiff continued to submit a rejected appeal and failed to follow instructions on the February 17, 2016 notice.  (Dec. of J. Corral ¶ 13; ECF No 78 at 94.)

On March 10, 2016, Plaintiff submitted appeal no. SATF-G 16-1184 grieving the cancellation of appeal no. SATF G 16-00472.  (ECF No. 78 at 108-109.)  Plaintiff alleged that the rejection and cancellation of his appeal was reviewed by staff who participated in the event, was retaliation for grievances, complaints and other litigation against Zamora and Corral, was discrimination as staff complaint SATF-G 16-00158 had the identical issues and attachments and that grievance was processed, the appeal was one issue which was failure to fully implement the PRA and the appeal described the related violations, and his access to the court was obstructed. (Id. at 109.)  Plaintiff sought to have his appeal processed through the third level of review.  (Id. at 108.)  Plaintiff was advised that he had to follow the instructions and resubmit his appeal. (Id.)

The appeal was rejected at the second level on March 16, 2016, because it involved multiple issues that did not derive from a single event.  (Id. at 113.)  Plaintiff was advised to resubmit the unrelated issues separately by using separate appeals.  (Id.)  Specifically, Plaintiff was told to "[s]eparate your issues.  One issue per 602. 1. Process cancelled appeal.  2. Train J. Zamora and J. Corral.  Attach original SATF-G-16-00472 and resubmit timely."  (Id.)  On July 5, 2016, Plaintiff's appeal was rejected at the third level for having been submitted for processing at the inappropriate level bypassing required lower level review.  (Id. at 114.)

Plaintiff's appeal was properly rejected as containing multiple issues and properly cancelled as Plaintiff failed to correct the noted deficiencies.  Further, as this appeal was not received by the appeals office prior to this suit being filed, it could not have served to exhaust Plaintiff's administrative remedies in this action.

**f.    Inmate Grievance No. SATF-G 16-01184**

Plaintiff submitted an appeal no. SATF-G 16-01184 on March 10, 2016, grieving that his

appeal no. 00472 was rejected.  (ECF No. 52-17 at 39.)  Plaintiff complained that on February 17, 2016, J Zamora and J. Corral rejected his appeal no 472 for containing multiple issues and having supporting documents.  (ECF No. 78 at 108.)  Plaintiff stated that he refiled his appeal with the reasons why the rejection was erroneous.  (Id.)  On March 3, 2016, Zamora and Corral cancelled the appeal.  (Id. at 108-109.)  Plaintiff contended that the rejection should not be reviewed by staff who participated in the event; retaliation for grievances, complaints, and other litigation, discrimination as the staff complaint SATF G 16-00158 have the identical issue and attachments but was processed; appeal has one issue of failure to fully implement the PREA; the regulations state that the appeal shall include supporting documents; and obstruction of Plaintiff's access to court.  (Id. at 109.)  Plaintiff was advised that he must follow the instructions and resubmit per 3084 (id. at 108), and the appeal was rejected the same day for containing multiple issues.  (Dec. of J. Corral ¶ 14; ECF No. 52-17 at 42.)  On March 16, 2016, Plaintiff was again advised that his appeal was rejected because it could not contain unrelated issues and he needed to submit the unrelated issues separately.  (ECF No. 78 at 113.)

Plaintiff has presented no evidence that he complied with the direction to file a separate appeal for the unrelated issues.  Further, as this appeal was not received by the appeal's office prior to this suit being filed, it could not have served to exhaust Plaintiff's administrative remedies in this action.

g.      **Inmate Grievance No. SATF 16-01385**

Plaintiff submitted appeal No. SATF 16-01385 on March 21, 2016, grieving that the cancellation of his appeal violated the PREA standards for reporting sexual abuse.  (ECF No. 87 at 116.)  Plaintiff did not attach a copy of the rejected appeal but stated that staff had the appeal.  (Id.)  It was rejected on March 23, 2016, pursuant to Cal. Code Regs. tit. 15 § 3084.6(b)(7) for missing supporting documents.  (Dec. of J. Corral ¶ 15.)  On March 28, 2016, Plaintiff's appeal was rejected for missing the necessary documentation specifically that the appeal was missing, and Plaintiff was advised to resubmit his appeal with the original SAFT-G-16-00472 with all supporting documents.  (ECF No. 52-17 at 49; ECF No. 78 at 120.)  The appeal was cancelled on April 15, 2016, for disregarding staff instructions to correct the appeal.  (Dec. of J. Corral ¶ 15;

1  ECF No. 52-17 at 47.)

2      This appeal was properly cancelled as Plaintiff refused to comply with the prior direction

3  to correct the appeal.  Further, as this appeal was not received by the Appeal's Office prior to this

4  suit being filed it could not have served to exhaust Plaintiff's administrative remedies in this

5  action.

6      **h.      Inmate Appeal No. SATF-G 15-05851**

7      On December 1, 2015, Plaintiff submitted appeal No. SATF-G 15-05851 grieving the

8  loss of mail and his manuscript on November 20, 2015.  (ECF No. 78 at 49-52.)  Plaintiff alleged

9  that on November 20, 2015, officials failed to inventory and store his property when he was

10 placed in segregation.  (Id. at 49.)  All of Plaintiff's property was not returned when he was

11 released on November 24, 2015.  (Id. at 49-50.)  Property not returned included, mail received

12 such as letters, photographs, drawings, newspapers, and magazine clipping of pictures and

13 articles; mail to send, and a manuscript.  (Id. at 50.)  Plaintiff alleged this was a deprivation of

14 right to free speech and association, due process and right to possess property.  (Id.)

15     The appeal was denied at the first level of review on January 12, 2016.  (ECF No. 52-17

16 at 65-66; Dec. of J. Corral ¶ 16.)  The appeal was rejected at the second level of review on March

17 24, 2016, for containing tabs and dividers and improper supporting documents pursuant to Cal.

18 Code Regs. tit. 15, § 3084.6(b)(12).  (Dec. of J. Corral ¶ 16; ECF No. 78 at 60.)  Plaintiff was

19 advised that he needed to "[r]emove correspondence from Ms. Bolich, 114A, Proof of service

20 documents, multiple copies of the same CDCR 22, 1140, 114A1, 7219."  (ECF No. 78 at 60.)

21 On May 12, 2016, at the second level of review, the appeal issue changed, thereby circumventing

22 the lower level of review.  (Dec. of J. Corral ¶ 16; ECF No. 52-17 at 17.)

23     Plaintiff's appeal changed slightly when he submitted it to third level review and in the

24 original section of the appeal he alleged this is the second time this happened with the first being

25 on November 13, 2014.  (Id. at 18.)  Plaintiff alleged that he was being retaliated against for

26 filing the instant lawsuit and being discriminated against for being transgender.  (Id.)

27     On July 5, 2017, the appeal was rejected at the third level of review for bypassing the

28 required lower level review.  (ECF No. 101 at 4.)

21

1    This appeal did not grieve the claims proceeding in this action and it would not serve to

2    exhaust Plaintiff's administrative remedies in this action.

3    Based upon review of the appeals filed by Plaintiff in this action, the Court finds that

4    Plaintiff did not exhaust his administrative grievances as to the claims proceeding in this action

5    prior to filing suit.

6    3.    Plaintiff Has Not Met His Burden to Show that He Exhausted His Administrative
          Remedies or that Such Remedies Were Unavailable

7

8    a.    **Other Appeals**

9    Plaintiff argues that because none of his non-health care related appeals were processed it

10   demonstrates that the prison grievance process was unavailable to him.   The problem with

11   Plaintiff's argument is that his refusal to comply with the process does not make it unavailable.

12   Plaintiff has presented no evidence that he submitted an appeal that complied with the

13   regulations.   "When an appeal is not accepted, the inmate or parolee shall be notified of the

14   specific reason(s) for the rejection or cancellation of the appeal and of the correction(s) needed

15   for the rejected appeal to be accepted."  Cal. Code Regs. tit. 15, § 3084.5(b)(3).  Section 3084.6

16   sets forth some of the reasons that an inmate appeal may be rejected or cancelled.  If an appeal is

17   rejected, the inmate has thirty calendar days to correct and return the appeal.  Cal. Code Regs. tit.

18   15 § 3084.6(a)(2).   A cancelled appeal cannot be appealed, but the inmate can appeal the

19   cancellation decision.  Cal. Code Regs. tit. 15 § 3084.6(e).

20   Plaintiff filed multiple appeals and was provided with guidance on what he was required

21   to do to correct the appeal so that it could be processed.   However, Plaintiff resubmitted his

22   appeal arguing that the screening decision was wrong.  Plaintiff has not presented any evidence

23   that he submitted an appeal that grieved one issue or a related set of issues that contained only

24   supporting documents necessary to clarify the issues as provided by the regulations.  Cal. Code

25   Regs. tit. 15 § 3084.2(a)(1), (b)(1).  Therefore, the decisions to reject his appeals were proper as

26   discussed above.

27   Additionally, the Court has reviewed the approximately 800 pages of Plaintiff's 602s

28   which he submits in support of his opposition to the motion for summary judgment.  (ECF No.

77 at 236 through 78-2.)   The Court does not find any other appeal that could have exhausted Plaintiff's claims in this action and was improperly denied.

Plaintiff was advised on multiple occasions that he could not appeal the rejection of his appeal, but had to submit an appeal of the cancellation decision, and the rejection itself included the following advisement:

> Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).   Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.   However, a separate appeal can be filed on the cancellation decision.   The original appeal may only be resubmitted if the appeal on the cancellation is granted.

(See ECF No. 78 at 42.)   Plaintiff continued to appeal the denial of his appeal and resubmit the appeal without complying with the regulations.

Upon review of the appeals submitted by Plaintiff, the Court finds that Plaintiff's appeals were not improperly rejected making the appeals process unavailable, but that Plaintiff refused to comply with the appeals regulations.   Plaintiff was generally provided with the specific requirements to correct his appeals, such as remove documents, appeals could not contain dividers and tabs, property receipts needed to be attached, or each 602 could only contain one one issue or related set of issues.   Despite the clear direction provided by the appeal rejections, Plaintiff refused to correct the appeals before resubmitting them.   Plaintiff has not met his burden of demonstrating that the prison grievance process was unavailable.

### b.   Government Claim Forms

Plaintiff contends that he exhausted his administrative remedies by filing government claims.   In Ngo, 548 U.S. 81, the Ninth Circuit decided that proper exhaustion of administrative remedies in an action under the PLRA was similar to the term in administrative law which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."   Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir.)   To exhaust administrative remedies Plaintiff must use the steps that the agency holds out.   While filing a government claim is required to bring a state law claim against a state official, it is not part of the prison grievance process and does not relieve Plaintiff from having to

1   exhaust his administrative remedies.[4]   Taylor v. Henderson, No. CV11-0351-RGK DTB, 2012

2   WL 6838947, at *6, n.7 (C.D. Cal. Aug. 28, 2012), report and recommendation adopted, No.

3   CV11-0351-RGK DTB, 2013 WL 139203 (C.D. Cal. Jan. 9, 2013).

4          c.      **Request Forms or Letters**

5          Similarly, Plaintiff states that he sent approximately seventeen inmate requests to Aguirre

6   and his supervisor, seventeen inmate requests to Warden Sherman and his supervisor, and seven

7   inmate requests to records and their supervisor.  Plaintiff was informed on numerous occasions

8   that he must submit an inmate request prior to submitting his inmate appeal. Merely submitting

9   an inmate request does not exhaust the administrative grievance process.  Nor are Plaintiff's

10  ADA requests or requests to the Secretary of the CDCR sufficient to exhaust administrative

11  remedies.  "To properly exhaust, a prisoner must comply with an agency's deadlines and other

12  critical procedural rules because no adjudicative system can function effectively without

13  imposing some orderly structure on the course of its proceedings."  Sapp, 623 F.3d at 821

14  (internal punctuation and citations omitted).  Plaintiff has not exhausted his administrative

15  remedies by his inmate request forms or letters requesting relief.

16         d.      **Citizen's Complaints**

17         Plaintiff also contends that a friend filed a citizen's complaint on December 1, 2014,

18  regarding his property loss.  (ECF No. 76 at 14.)  An allegation by a non-inmate of misconduct

19  by a correctional officer is defined as a citizen's complaint.  Cal. Code Regs. tit. 15, § 3391(b).

20  To exhaust administrative remedies, Plaintiff must use the available prison administrative

21  grievance remedies.  Ngo, 548 U.S. at 85.  A citizen's complaint is not part of the grievance

22  process and does not exhaust an inmate's administrative remedies.  Townes v. Paule, 407

23  F.Supp.2d 1210, 1218 (S.D. Cal. 2005); Harbridge v. Hickman, No. 110CV00473AWIJLTPC,

24  2016 WL 561517, at *19 (E.D. Cal. Feb. 12, 2016), report and recommendation adopted sub

25

26  [4] The California Tort Claims Act requires that a tort claim against a public entity or its employees be presented to
    the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control,
27  no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.
    Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v.
28  Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42
    Cal.4th 201, 209 (2007).

nom. Harbridge v. Trimble, No. 110CV00473DADJLT, 2016 WL 4040795 (E.D. Cal. July 27, 2016).

**IV.**

**CONCLUSION AND RECOMMENDATIONS**

Defendant has presented evidence that Plaintiff failed to exhaust his administrative remedies and Plaintiff has failed to meet his burden to demonstrate that his failure to exhaust was due to the prison grievance process being unavailable. The Court finds that Plaintiff has not exhausted his administrative remedies in this action, nor has Plaintiff demonstrated that administrative remedies were unavailable.

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment be GRANTED; and

2. This action be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 25, 2017**

UNITED STATES MAGISTRATE JUDGE